IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO <br><br> Defendants. | CIVIL ACTION NO. 1:23-cv-16262 <br><br> Judge: Hon. Jeffrey I. Cummings |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, ALTERNATIVELY, TO SEVER[1]**

---

[1] This motion is by the following Defendants listed on Schedule A of the Complaint: **Defendant Nos. 1 and 2** (Guangzhou Blackbeard Media Co., LTD., dba Onepeace and Zoro A), **Defendant No. 3** (Guangzhou Chengfeng Garment Co., Ltd., dba Yestoday Once More), **Defendant No. 4** (Guangzhou Dexian Clothing Co., Ltd., dba Zero Series), **Defendant No. 5** (Guangzhou Tianhe District Shahe Jinyu Clothing Store, dba Perfect Man), **Defendant No. 6** (Puning Liding Trading Co., Ltd., dba Saloni), **Defendant No. 7** (Guangzhou Tianhe District Shahederan Clothing Store, dba Eurolaton), **Defendant No. 8** (Guangzhou Dayinfang Digital Trading Co., Ltd., dba Mus Tang), **Defendant No. 10** (Peiwen Luo, dba Bear Best), **Defendant No. 11** (Foshan City Chancheng District Danjinjie Clothing Factory, dba Dan Jinjie Clothing Factory), **Defendant No. 12** (Foshan Jiayuanning Children's Clothes Co., Ltd., dba Happy Girl Clothes), **Defendant No. 14** (Guangzhou City Baiyun District Dayuanxinze Clothing Store, dba Haccefe), **Defendant No. 17** (Yijun Wu, dba Heimananzhuangdian), **Defendant Nos. 18, 22, and 26** (Shenzhen Kaiheng Qianse Clothing Co., Ltd., dba Good Boy Boy, Fighter Planes, and Zero A), **Defendant No. 20** (Shilumei Apparel (Guangzhou) Co., Ltd., dba Mens Prince), **Defendant No. 23** (Yaying Chen, dba Pixie Babies), **Defendant No. 24** (Xiamen Qizhouda E-commerce Co., Ltd., dba Qgirlcloth), **Defendant No. 25** (Guangzhou Huitingwang E-commerce Co., Ltd., dba Because of U), **Defendant No. 28** (Guangzhou City Baiyun District Dayuan Pengda Clothing Store, dba Liushixiongdi), **Defendant No. 29** (Guangzhou Zuowei Clothing Co., Ltd., dba Step Men Clothing).

I.  **<u>PRELIMINARY STATEMENT</u>**

Plaintiff Roadget Business PTE. LTD. ("Plaintiff") initiated this "Schedule A" copyright infringement action against 33 online retail merchants, including Defendants, for selling products allegedly bearing Plaintiff's copyrighted design (referred to as the "Swag Bear" design). *See* ECF No. 5 at ¶ 12. Plaintiff then filed an *ex parte* request for a TRO asset freeze against Defendants and requested leave from the Court to be exempted from ordinary service-of-process obligations by allowing for service of the Summons and Complaint by email. *See* ECF No. 10 at 12–13. Without the benefit of any oppositional scrutiny, and on a record Plaintiff now effectively concedes omitted material information, the Court granted both requests. *See* ECF No. 12. Since then, Plaintiff has filed four additional, nearly identical "Schedule A" *ex parte* TRO proceedings against online merchants selling products on the Temu e-commerce platform (a total of five in this District).[2]

Defendants move to dismiss Plaintiff's Complaint on several grounds.

***<u>First</u>***, six Defendants did not make any sales of the accused products in Illinois, and they do not have any other contacts with Illinois sufficient to confer personal jurisdiction to Illinois courts. Therefore, these six Defendants should be dismissed for lack of personal jurisdiction.

***<u>Second</u>***, Plaintiff improperly sought leave from the Court to serve the Summons and Complaint by email despite having easy access to 18 of the Defendants business addresses, in contravention of the Hague Convention. Specifically, Plaintiff sought this Court's permission to serve by email based on an incorrect claim that Plaintiff would be unable to locate their Defendants' business addresses. ECF No. 10 at 12–13. However, for 18 of the Defendants, this is demonstrably

---

[2] *See Roadget Business PTE. LTD. v. Individuals et al. on Schedule A*, No. 23-cv-17036 (N.D. Ill. Dec. 22, 2023) (Hon. Sara L. Ellis); *Roadget Business PTE. LTD. v. Individuals et al. on Schedule A*, No. 24-cv-115 (N.D. Ill. Jan. 4, 2024) (Hon. Elaine J. Bucklo); *Roadget Business PTE. LTD. v. Individuals et al. on Schedule A*, No. 24-cv-607 (N.D. Ill. Jan. 23, 2024) (Hon. Lindsay C. Jenkins); *Roadget Business PTE. LTD. v. Individuals et al. on Schedule A*, No. 24-cv-1174 (N.D. Ill. Feb. 9, 2024) (not yet assigned).

false because their business addresses are—and were—plainly available to the Plaintiff at the same URLs Plaintiff pasted into Schedule A of the Complaint. Indeed, as seen in Plaintiff's fifth-filed Schedule A suit, Plaintiff has now begun providing a complete record to courts in this District, *see* No. 24-cv-1174, ECF No. 10-1 at ¶ 6 (Plaintiff's declarant stating "some sellers may have address information available on their Temu online marketplace"), which is material information that Plaintiff notably did not present to this Court when it requested email service for the 18 Defendants with accessible business addresses. Therefore, these 18 Defendants should be dismissed on the grounds of improper service of process.

**<u>Third</u>**, all Defendants move to dismiss the Complaint for failure to state a claim because Plaintiff has failed to allege facts sufficient to establish ownership of the Swag Bear copyright. Copyright law requires that, where the plaintiff is not the "author" of the copyrighted work, the plaintiff must establish its proprietary right through the chain of title. Here, on the face of the copyright registration submitted with the Complaint, the alleged author is a company called Guangzhou Shein International Import & Export Co. Ltd., yet nowhere in the Complaint does Plaintiff allege (let alone attach to the Complaint) a written agreement transferring the Swag Bear rights from Guanzhou Shein to Plaintiff—a chain-of-title defect that is fatal to Plaintiff's ownership claim. Thus, Plaintiff has failed to state a copyright infringement claim against all Defendants.

**<u>Fourth</u>**, all Defendants move to dismiss, or alternatively strike, Plaintiff's claim for "exemplary damages" because such damages are not permitted under the Copyright Act. Likewise, all Defendant's move to dismiss, or alternatively strike, Plaintiff's claim for enhanced statutory damages because Plaintiff fails to allege a plausible basis to support an inference of "willful" infringement by Defendants. Plaintiff's allegation of willfulness is a conclusory allegation comprised of merely adding the word "willful" before the word "infringement" and levying that

3

conclusory allegation in shotgun-pleading style against 33 independently operating merchants. This is insufficient under federal pleading standards.

***Finally***, all Defendants move to sever these actions due to improper joinder. Except for the storefronts identified as Defendant Nos. 1 and 2, and Defendant Nos. 18, 22, and 26 (which are owned by the same companies, respectively), the Defendants are otherwise unaffiliated and operate independently. While each Defendant is accused of infringing the same copyright, courts in this District find this fact alone is insufficient to support joinder. Thus, Plaintiff's claims against Defendants should be severed.

## II. ARGUMENT

### A. Plaintiff Cannot Establish that this Court Has Personal Jurisdiction Over Defendant Nos. 5, 8, 23, 24, 25, and 28.

Under Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it." *Northern Grain Mktg. v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). "When determining whether a plaintiff has met its burden, a court must accept as true jurisdictional allegations pleaded in the complaint, unless those allegations are disproved by the defendant's affidavits or exhibits." *MSM Design & Eng'g LLC v. P'ships et al. on Schedule A*, No. 20-cv-121, 2021 WL 3187706, at *2 (N.D. Ill. July 28, 2021) (citing *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). If the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2010).

Here, Plaintiff's sole basis for personal jurisdiction is based on specific jurisdiction (as opposed to general jurisdiction). *See* ECF No. 5 at ¶ 6. Specifically, Plaintiff alleges, largely "on

information and belief," that Defendants have sold the accused products "to Illinois residents" through a nationwide e-commerce website. *Id*. However, this assertion is not true for Defendant Nos. 5, 8, 23, 24, 25, and 28, who have confirmed by their sales records that they have not made sales of the accused products to any residents of Illinois, and they do not have any other purposefully directed activities toward Illinois sufficient to confer jurisdiction in this Court. *See* Jinming Liu Decl.; Wu Yijun Decl.; Chen Yaying Decl.; Liang Jin Decl.; Yuan Jianghui Decl.; Liu Saijun Decl.

Absent sales of the accused products to residents of Illinois, Plaintiff's personal jurisdiction basis against these Defendants rests entirely on an assertion that they list the accused products on an interactive website that offers sales throughout the United States, with only the *possibility* of sales to residents of Illinois. However, asserting only the *possibility* of sales to Illinois through a nationwide website is insufficient to establish personal jurisdiction. *See Roblox Corp. v. Bigfinz*, No. 1:23-cv-5346, 2023 WL 8258653, at *1–2 (N.D. Ill. Nov. 29, 2023) (collecting cases) ("[Plaintiff] merely shows that it is possible to purchase [defendant's] t-shirts and have them shipped to Illinois. Courts in this District, however, agree that in infringement cases like this the online retailer generally must have sold at least one product in Illinois for personal jurisdiction to exist here."); *MSM Design*, 2021 WL 3187706, at *2 ("[T]he mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum."); *Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21-C-6440, 2022 WL 1556381, at *5 (N.D. Ill. May 17, 2022) (same); *Mori Lee, LLC v. P'ships et al. on Schedule A*, No. 20-cv-7648, 2022 WL 523123, *3 (N.D. Ill. Feb. 22, 2022) (same).

Therefore, in the absence of any sales of the accused products to residents of Illinois or any other cognizable basis for personal jurisdiction, these six Defendants should be dismissed for lack of personal jurisdiction.

### B. Plaintiff's Request for Email Service-of-Process Was Improper for Defendant Nos. 2–8, 11, 12, 14, 18, 20, 22, 24–26, 28, and 29.

Under Rule 12(b)(5), a defendant "may challenge the manner of service of process through a motion to dismiss." Fed. R. Civ. P. 12(b)(5). "[The] plaintiff bears the 'burden to demonstrate that the district court has jurisdiction over each defendant through effective service.'" *MSM Design*, 2021 WL 3187706, at *2 (quoting *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011)). Because Defendants are foreign companies, service of process is governed by Rule 4(f), which authorizes service through the Hague Convention or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

While email service can be authorized consistent with the Hague Convention and Rule 4(f) "where the address of the [defendant] is not known" to the plaintiff, the plaintiff "cannot close its eyes to the obvious." *Luxottica Grp. S.p.A. v. P'ships et al. on Schedule A*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019). To the contrary, "the plaintiff must make ***reasonably diligent efforts*** to learn the defendant's mailing address," and only if those efforts fail, then should it be excused from proper service. *Id*. (emphasis added). Plaintiff demonstrably made no such effort here.

Nearly all Temu merchants' business addresses are clearly stated on their online Temu storefronts, including 18 of the Defendants in this case, located at the exact same URLs that Plaintiff included in Schedule A of the Complaint. *See* ECF No. 38-4 at Ex. IV (screenshots of business addresses for Defendant Nos. 2–8, 11, 12, 14, 18, 20, 22, 24–26, 28, and 29). Plaintiff did not disclose this fact in this case, but has now seemed to concede it in subsequent Schedule A cases in this District. *See* No. 24-cv-1174, ECF No. 10-1 at ¶ 6 (Plaintiff's declarant acknowledging in its fifth-filed Schedule A suit against Temu merchants that "some sellers may have address information available on their Temu online marketplace"). Plaintiff's lack of diligence warrants dismissal for improper service. *See Luxottica*, 391 F. Supp. 3d at 823 (dismissing complaint after issuing *ex parte*

TRO based on email service where it was shown that plaintiff had access to defendants' addresses).

Lastly, to be sure, the case law Plaintiff relied on to seek this Court's permission to effect service by email is misplaced. *See* ECF No. 10 at 13 (*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002)). For example, as Plaintiff asserts in its citation to *Rio Properties*, the Ninth Circuit allowed email service after finding that the defendant had "neither an office nor a door; it had only a computer terminal," *id*. which is distinguishable from the present circumstances in which Defendants' business addresses are (and were) available to Plaintiff, a fact that Plaintiff now acknowledges. But more fundamentally, *Rio Properties* involved service in Costa Rica, which the is not a Hague Convention signatory. Thus, unlike in *Luxottica* and the present case (both involving Defendants with available business addresses in China, a Hague Convention signatory), the *Rio Properties* court was only addressing whether service by email could be constitutionally permissible based on the express caveat that a governing treaty—*e.g.*, the Hague Convention applicable here—would materially alter the analysis. 284 F.3d at 1015 n.4 ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1). The parties agree, however, that the Hague Convention does not apply in this case because Costa Rica is not a signatory.").

Therefore, these 18 Defendants should be dismissed on the grounds of improper service.

### C. Plaintiff Has Failed to Allege Facts Sufficient to Establish its Ownership of the Swag Bear Copyright

A claim for copyright infringement requires the plaintiff to establish "ownership of a valid copyright." *Peters v. West*, 776 F. Supp. 2d 742, 747 (N.D. Ill. 2011). Yet the allegations in Plaintiff's Complaint raise more questions than answers with respect to ownership of the Swag Bear copyright. There are two notable deficiencies apparent in the Complaint: first, the original design and the chain of title from the alleged "designer" (Soby Ou) to the alleged "author" (a company

called Guangzhou Shein International Import & Export Co. Ltd.); and second, the chain of title from the alleged author (Guangzhou Shein) to Plaintiff. These deficiencies combined rebut any presumption of validity accorded by the registered copyright.

First, Plaintiff alleges the claimed work was designed by someone named "Soby Ou" whom Plaintiff alleges was a "SHEIN designer." ECF No. 5 at ¶ 12. Plaintiff does not allege whether this individual was hired as an employee, contractor, or otherwise by either Plaintiff (the alleged claimant) or Guangzhou Shein (the alleged author). Without any clarity on this point, it is not possible to assess the validity of any alleged "work made for hire" arrangement (or lack thereof), *see* 17 U.S.C. § 201(b); 17 U.S.C. § 101, between Soby Ou and the claimed "author," a deficiency that is then exacerbated by the second chain-of-title deficiency.

Second, Plaintiff has also failed to establish the chain of title between Guangzhou Shein (the alleged author) and Plaintiff (the copyright claimant). The initial registration was filed June 2022, claiming a March 2022 date of first publication in *China* and listing Plaintiff as *both* the "author" and the "copyright claimant" (with no mention of Guangzhou Shein). ECF No. 5, Ex. A. However, Plaintiff filed a supplementary registration a year later, which changed (without explanation) the country of first publication from China to the U.S., and also changed (again without explanation) the "author" from Plaintiff to a new company, Guangzhou Shein. *Id.*, Ex. B.

A copyright "vests initially in the author [] of the work." 17 U.S.C. § 201(a). Here, Plaintiff apparently maintains the author is Guangzhou Shein, not Plaintiff itself. Under such circumstances, "[a] plaintiff in an infringement case who is not the author of the copyrighted work must [] establish a proprietary right through the chain of title in order to support a valid claim to the copyright." *Marobie-Fl., Inc. v. Nat'l Ass'n of Fire Equip. Distribs.*, 983 F. Supp. 1167, 1173 (N.D. Ill. 1997) (quotations omitted). While the presumption of validity applies where "where the plaintiff obtained

an assignment of rights ***prior to registration***," *id*. (emphasis added), Plaintiff has made no allegation that Guanzhou Shein transferred the Swag Bear rights to Plaintiff prior to registration, let alone that it was done in a writing sufficient complying with the Copyright Act or Copyright regulations governing the permissible scope of supplementary regulations. *See* 17 U.S.C. § 204(a) (providing that any transfer much be in writing and signed by the owner of the rights conveyed); *see also* 37 CFR § 202.6(d)(4)(i) ("Supplementary registration is not appropriate . . . [t]o reflect a change in ownership that occurred on or after the effective date of the basic registration").

Further, the unexplained change of "author" from Plaintiff to Guangzhou Shein raises even more questions as to the first link in the chain of title: from Soby Ou to the alleged "author" by way of a "work made for hire" relationship. For example, was Soby Ou an employee or contractor of Plaintiff, or instead Guangzhou Shein, or neither? Does any alleged transfer of the Swag Bear rights from Plaintiff to Guangzhou Shein after the initial registration mean that any alleged "work made for hire" relationship between Soby Ou and one of the named "authors" also changed, or is the supplementary registration purporting to alter Soby Ou's "work made for hire" status after-the-fact? Plaintiff's Complaint provides no answers to these core questions despite that these deficiencies stem directly from Plaintiff's own allegations and the copyright registrations.

Therefore, as Plaintiff has failed to allege its ownership of the copyright through a proper chain of title, Plaintiff has not alleged a plausible claim of copyright infringement.

### D. Plaintiff's Claim for "Exemplary Damages" Fails Because Such Damages Are Not Available under the Copyright Act.

Punitive or exemplary damages not available under the Copyright Act. *See Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 926 (N.D. Ill. 2009) (citing *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 931 (7th Cir. 2003), and 4-14 Nimmer on Copyright § 14.02[C][2] ("The cases are clear that exemplary or punitive damages should not be awarded in a statutory copyright

infringement action.")). Here, in addition to seeking enhanced statutory damages, Plaintiff also seeks "exemplary damages" against Defendants. *See* ECF No. 5, Prayer for Relief ¶ 4 ("exemplary damages"), ¶ 5 (enhanced statutory damages).

District courts routinely dismiss or strike improper requests for exemplary or punitive damages because they are not available under the Copyright Act. *See, e.g.*, *White v. Alcon Film Fund, LLC*, No. 1:13-cv-1163, 2013 WL 12067479, at *7 (N.D. Ga. Aug. 13, 2013) (collecting cases and striking punitive damages); *Bragg Live Food Prod., LLC. v. Nat'l Fruit Prod. Co.*, No. 2:22-cv-00584, 2022 WL 3574423, at *4 (C.D. Cal. July 22, 2022) (dismissing claim for punitive damages because such damages "are unavailable as a matter of law" under the Copyright Act); *Graham v. Prince*, 265 F. Supp. 3d 366, 390 (S.D.N.Y. 2017) (same).

Therefore, the Court should dismiss or strike Plaintiff claim for exemplary damages.

### E. Plaintiff Has Failed to Allege Willful Infringement Sufficient to Support Its Claim for Statutory Damages under the Copyright Act.

"[A] Rule 12(b)(6) motion can target a request for a particular form [of] damages if the complaint fails to adequately plead facts necessary to support that form of damages." *Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 WL 3883082, at *3 (N.D. Ill. Aug. 31, 2021). Under the Copyright Act, a plaintiff may seek actual damages and profits from the infringement, or alternatively, statutory damages. *See* 17 U.S.C. § 504(b) (actual damages and profits), § 504(c)(1) (ordinary statutory damages). If, however, the plaintiff shows that infringement was "willful," then the plaintiff can seek an increased "award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The plaintiff's burden of establishing "willful" infringement begins with adequately pleading it. Plaintiff has failed to do so here.

"Willful" infringement can be shown "if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right."

10

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As the Seventh Circuit noted in *Wildlife Express*, the quintessential basis for showing willful infringement is where the plaintiff puts the defendant on notice of infringement—*e.g.*, by way of a cease-and-desist letter—and the defendant disregarded the notice and continued to infringe. *Id*. Plaintiff makes no allegation here about putting Defendants on notice of potentially infringing conduct. In fact, it is beyond dispute that Plaintiff opted to pursuing its claims under seal precisely to avoid providing advance notice to Defendants.

Instead, Plaintiff only alleges conclusory "willful" allegations in shotgun-style allegations against all dozens of independently operating merchants. But the conclusory allegations consist of nothing more than merely adding the word "willful" before the word "infringement." *See, e.g.*, ECF No. 5 at ¶ 23 ("Defendants' actions constitute willful copyright infringement[.]"); *id*. ¶ 25 ("Roadget is entitled to . . . statutory damages, enhanced for Defendants' willful infringement."), *id*. ¶ 15 ("Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel bearing the copyrighted 'Swag Bear' image in the United States without authorization."). Such conclusory allegations, lacking in any factual backing, are insufficient to support a plausible inference of willfulness. *See, e.g.*, *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 468 (S.D.N.Y. 2019) (conclusory allegation that defendant's conduct was "willful, intentional and malicious . . . standing alone, is insufficient factual support for the allegation that [defendant's] infringement was willful"); *Elatab v. Hesperios, Inc.*, No. 19-cv-9678, 2021 WL 2226877, at *5 (S.D.N.Y. June 2, 2021) (finding that "merely alleg[ing] that [plaintiff] is entitled to statutory damages 'for Defendant's willful infringement of the photograph'" is insufficient).

Indeed, a court in this District has similarly suggested merely "add[ing] the word 'willfully' to support an award of increased statutory damages" is not enough, though the court found sufficient

plaintiffs' allegation the defendant "knew of Plaintiffs' copyright" *and* "removed the copyright indications from [the design] in an effort to conceal the infringement." *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17-cv-7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019).

Plaintiff's conclusory allegations of willfulness here—which, again, are asserted against dozens of unaffiliated and independently operating companies in a conclusory allegation—are insufficient under this standard. Plaintiff does not allege that any Defendant knew that the Swag Bear work was copyrighted by Plaintiff, that any Defendant removed any copyright management information or other similar willfulness indicative conduct, that any Defendant continued to sell the products despite being put on notice, or any other facts that could plausibly infer willfulness. As a result, Plaintiff's claim for enhanced statutory damages under 17 U.S.C. § 504(c)(2) fails.

### F. Plaintiff Has Improperly Joined Unaffiliated and Independently Operating Defendants, Warranting Severance of the Actions

Under Federal Rule of Civil Procedure 20(a)(2), the plaintiff bears the burden of demonstrating that joinder of defendants in a single action is proper. *See, e.g., Art Ask Agency v. P'ships et al. on Schedule A*, No. 21-cv-06197, 2021 WL 5493226, at *1 (N.D. Ill. Nov. 23, 2021) (addressing misjoinder *sua sponte* in Schedule A copyright infringement case); *Ilustrata Servicos Design, Ltda. v. P'ships et al. on Schedule A*, No. 21-cv-05993, 2021 WL 5396690, at * 1 (N.D. Ill. Nov. 18, 2021) (same). While the Court accepts the factual allegations in a plaintiff's complaint as true in determining whether the requirements of Rule 20(a)(2) are met, *Estée Lauder Cosmetics Ltd. v. P'ships et al. on Schedule A*, 334 F.R.D. 182, at 185 (N.D. Ill. 2020), conclusory or speculative statements need not be accepted. *NFL Props. LLC v. P'ships et al. on Schedule A*, No. 21-cv-05522, 2021 WL 4963600, at *1 (N.D. Ill. Oct. 26, 2021).

Defendants may only be joined in a single action if "(1) the claims against them are asserted with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences, and (2) there is a question of law or fact common to all defendants." *Art Ask Agency*, 2021 WL 5493226, at *2 (internal quotations omitted); *Ilustrata Servicos Design, Ltda.*, 2021 WL 5396690, at * 2 (same). "Courts in the Northern District of Illinois have held that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same" intellectual property rights because independent acts of infringement do not necessarily arise out of the same transaction or occurrence, and there is "no evidentiary overlap in proving that [multiple] defendants are liable for the alleged infringement" absent an affiliation between the defendants. *Art Ask Agency*, 2021 WL 5493226, at *2 (citing *NFL Props. LLC*, 2021 WL 4963600, at *2) (extending analysis to Schedule A copyright infringement case); *Ilustrata Servicos Design, Ltda.*, 2021 WL 5396690, at * 2 (same).

Here, Plaintiff fails to allege even a single fact upon which joinder may be deemed proper under Rule 20. As described above, the mere fact that Defendants are alleged to infringe the same copyright by independently selling different products is insufficient to support joinder. *Art Ask Agency*, 2021 WL 5493226, at *2; *NFL Props. LLC*, 2021 WL 4963600, at *2; *Ilustrata Servicos Design, Ltda.*, 2021 WL 5396690, at *2. Moreover, while Plaintiff does not allege any affiliation or concerted conduct among the Defendants to support joinder, for the avoidance of doubt, Defendants have confirmed that they are not affiliated with, and act independently from, each other (except the online storefronts, Defendant Nos. 1 and 2, and Defendant Nos. 18, 22, and 26, which are owned by the same companies, respectively). *See* ECF No. 43-01 at ¶ 7; ECF No. 43-02 at ¶ 7; ECF No. 43-03 at ¶ 11; ECF No. 43-04 at ¶ 7; ECF No. 43-05 at ¶ 7; ECF No. 43-06 at ¶ 7; ECF No. 43-07 at ¶ 7; ECF No. 43-08 at ¶ 7; ECF No. 43-09 at ¶ 7; ECF No. 43-10 at ¶ 7; ECF No. 43-11 at ¶ 7; ECF No. 43-12 at ¶ 7; ECF No. 43-13 at ¶ 7; ECF No. 43-14 at ¶ 7; ECF No. 43-15 at ¶ 7; ECF No. 43-16 at ¶ 6; ECF No. 43-17 at ¶ 7; ECF No. 43-18 at ¶ 7.

Accordingly, Defendants respectfully request that, in the interest of justice and respect of the Defendants' individual defenses and litigation strategies, the Court sever the unaffiliated Defendants into separate actions, or, at a minimum, order Plaintiff to show cause why the Defendants may be joined under Rule 20. *See, e.g., Art Ask Agency*, 2021 WL 5493226, at *2 (court has broad discretion to remedy misjoinder).

### III. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Complaint should be dismissed, or alternatively, the claims severed.

Dated: February 12, 2024

Respectfully Submitted,

*/s/     Christopher J. Fahy*

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

*Counsel for Defendants*

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*
*Pro hac vice pending*


William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

*Counsel for Defendants*