IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No.: 1:23-cv-16262<br><br>Judge Jeffrey I. Cummings |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Defendants' proposed surreply would not address new issues, but the same issues—chain of title and personal jurisdiction—which they already fully briefed. Courts generally disfavor surreplies, but have discretion to grant leave to file them in "limited circumstances," such as when necessary to address new arguments. *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 1651709, at *1 (N.D. Ill. Apr. 17, 2019); *Am. Com. Barge Line LLC v. Louis Dreyfus Co.*, No. 4:19-cv-00274-SEB-DML, 2021 WL 4441507, at *1 (S.D. Ind. Sept. 28, 2021).

The chain-of-title evidence Defendants claim is "new" was provided in direct response to their argument. *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) ("[T]here simply is no need for a surreply when each brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it.") (cleaned up). Roadget submitted valid copyright certificates months ago showing its ownership of the "Swag

1

Bear" copyright. ECF Nos. 5-1, 5-2. These certificates constitute *prima facie* evidence of the ownership and validity of the copyright, including at the preliminary injunction stage. 17 U.S.C. § 410(c); *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1103 (N.D. Ill. 2005). Once Roadget established *prima facie* copyright validity, the burden shifted to Defendants to disprove it. *Spinmaster*, 404 F. Supp. at 1103. Defendants did not meet that burden in their response. They rooted around for *potential* deficiencies in chain of title, raising hypothetical "questions" about work-for-hire and authorship, but never showed or even argued affirmatively that there *were* deficiencies. *See* Defs.' Opp'n, ECF No. 38, at 5 (referencing "good reasons to question" the design; claiming it was "not possible to assess" validity without additional evidence). Roadget answered Defendants' questions directly by providing the documents they sought—documents not required to establish *prima facie* validity—and now Defendants seek further leave to pick apart these documents, when they failed to meet their initial burden to rebut validity. A full set of documents is already before the Court, and Defendants' surreply would not help the Court evaluate those documents. *Cf. Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376–77 (Fed. Cir. 2009) (explaining, in an analogous patent context, that an issued patent is presumed valid in the opening brief on a preliminary injunction, the accused infringer may respond with specific validity challenges, and then the patentee replies to address those challenges).

On personal jurisdiction, further argument would not change the outcome when the law is clear: Either Defendants have sufficient minimum contacts with a particular state to be sued there, or they are subject to nationwide personal jurisdiction under Fed. R. Civ. P. 4(k)(2). Rule 4(k)(2) is not a new rule, and the exercise of personal jurisdiction under that rule is not a new theory in "Schedule A" cases. *See, e.g.*, *Viahart LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 19-cv-8181, 2021 WL 5113935 (N.D. Ill. Nov. 3, 2021).

Defendants' failure to fully brief the issue of personal jurisdiction on their first try does not warrant a surreply.

Accordingly, Roadget respectfully requests that this Court deny Defendants' Opposed Motion for Leave to File a Sur-Reply Regarding Plaintiff's Motion for Preliminary Injunction.

Dated: February 22, 2024            Respectfully submitted,

                                        */s/ Steven J. Horowitz*
                                        Steven J. Horowitz
                                        Matthew D. Binder
                                        Deepa A. Chari
                                        SIDLEY AUSTIN LLP
                                        One South Dearborn Street
                                        Chicago, IL 60603
                                        (312) 853-7000
                                        shorowitz@sidley.com
                                        mbinder@sidley.com
                                        dchari@sidley.com
                                        *Counsel for Plaintiff Roadget Business Pte. Ltd.*