IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No.: 1:23-cv-16262<br><br>**Judge Jeffrey I. Cummings** |

**ROADGET'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR SEVER**

# **TABLE OF CONTENTS**

                                                           **Page**

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

    I.     This Court Has Personal Jurisdiction over Defendants 5, 8, 23–25, and 28. ..................... 3

    II.    Roadget Has Alleged Facts Sufficient to Establish Ownership of the Swag Bear Copyright. ............................................................................................................... 5

    III.   Joinder Is Appropriate Under Rule 20(a)(2), Whereas Severance Would Cause Undue Expense and Delay. ...................................................................................... 7

    IV.   Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages. ............................................................................... 9

    V.    Defendants Were Properly Served by Email. ................................................................. 10

CONCLUSION ....................................................................................................................... 15

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*,
   No. 14-CV-1112 (VSB), 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018) ..........................11, 12

*Art Ask Agency v. P'ships et al. on Schedule A*,
   No. 21-cv-06197, 2021 WL 5493226 (N.D. Ill. Nov. 23, 2021) ...............................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................3

*Bontkowski v. Smith*,
   305 F.3d 757 (7th Cir. 2002) ..................................................................................................10

*Bose Corp. v. P'ships et al. on Schedule A*,
   334 F.R.D. 511 (N.D. Ill. 2020)............................................................................................8, 9

*Cardenas v. City of Chicago*,
   646 F.3d 1001 (7th Cir. 2011) ..................................................................................................3

*Celgard, LLC. v. Shenzen Senior Tech. Material Co.*,
   No. 3:20-CV-130-GCM, 2020 WL 2575561 (W.D.N.C. May 21, 2020) ...............................14

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
   230 F.3d 934 (7th Cir. 2000) ................................................................................................4, 5

*Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*,
   No. 02 C 4721, 2003 WL 21799259 (N.D. Ill. July 24, 2003) .................................................6

*Curry v. Revolution Lab'ys, LLC*,
   949 F.3d 385 (7th Cir. 2020) ....................................................................................................2

*Elmore v. Henderson*,
   227 F.3d 1009 (7th Cir. 2000) ..................................................................................................9

*Estée Lauder Cosmetics Ltd. v. P'ships et al. on Schedule A*,
   334 F.R.D. 182 (N.D. Ill. 2020)................................................................................................8

*Gociman v. Loyola Univ. Chi.*,
   41 F.4th 873 (7th Cir. 2022) .....................................................................................................3

*Haley v. Simmons*,
   529 F.2d 78 (8th Cir. 1976) ....................................................................................................14

*Hangzhou Chic Intelligent Tech. Co. v. P'ships et al. on Schedule A*,
  No. 20 C 4806, 2021 WL 1222783 (N.D. Ill. Apr. 1, 2021)...............................................11, 12

*Illinois v. Hemi Grp. LLC*,
  622 F.3d 754 (7th Cir. 2010) ..................................................................................................5

*Ilustrata Servicos Design, LTD v. P'ships et al. on Schedule A*,
  No. 21-cv-05993 (N.D. Ill. Nov. 9, 2021) ..............................................................................8

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
  256 F.3d 548 (7th Cir. 2001) ...............................................................................................4, 5

*Lanard Toys Ltd. v. Novelty, Inc.*,
  375 F. App'x 705 (9th Cir. 2010) .........................................................................................10

*Larkin-Gordon v. Ortho-McNeil-Janssen Pharms., Inc.*,
  295 F. App'x 817 (7th Cir. 2008) ...........................................................................................5

*Lavalais v. Village of Melrose Park*,
  734 F.3d 629 (7th Cir. 2013) ..................................................................................................6

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
  390 F. Supp. 3d 461 (S.D.N.Y. 2019)...................................................................................10

*NFL Props. LLC v. P'ships et al. on Schedule A*,
  No. 21-cv-05522, 2021 WL 4963600 (N.D. Ill. Oct. 26, 2021) .............................................8

*Nova Design Build, Inc. v. Grace Hotels, LLC*,
  No. 08 C 2855, 2008 WL 4450305 (N.D. Ill. Sept. 30, 2008).................................................7

*Peterson v. Vill. of Downers Grove*,
  103 F. Supp. 3d 918 (N.D. Ill. 2015) ......................................................................................5

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) ..................................................................................................3

*R.F.M.A.S., Inc. v. Mimi So*,
  619 F. Supp. 2d 39 (S.D.N.Y. 2009).......................................................................................6

*Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*,
  No. 24-cv-607, ECF No. 28 (N.D. Ill. Feb. 27, 2024).....................................................13, 14

*Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*,
  No. 24-cv-115, ECF No. 31-3 (N.D. Ill. Feb. 7, 2024).........................................................13

*Santos v. State Farm Fire & Cas. Co.*,
  902 F.2d 1092 (2d Cir. 1990)................................................................................................11

*Southall v. Force Partners, LLC*,
   No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021) ..........................................10

*Stevens v. Sec. Pac. Nat'l Bank*,
   538 F.2d 1387 (9th Cir. 1976) ................................................................................................14

*Symbria, Inc. v. Callen*,
   No. 20-cv-4084, 2022 WL 60530 (N.D. Ill. Jan. 6, 2022) .........................................................6

*The Neck Hammock, Inc v. Danezen.com*,
   No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598 (D. Utah Oct. 29, 2020) ...........................11

*UWM Student Ass'n v. Lovell*,
   888 F.3d 854 (7th Cir. 2018) ....................................................................................................7

*Vorhees v. Fischer & Krecke*,
   697 F.2d 574 (4th Cir. 1983) ..................................................................................................14

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*,
   18 F.3d 502 (7th Cir. 1994) ......................................................................................................9

**Statutes**

17 U.S.C. § 504(c)(2) ..................................................................................................................9, 10

**Other Authorities**

Fed. R. Civ. P. 4 .................................................................................................................1, 4, 5, 11

Fed. R. Civ. P. 8 ...........................................................................................................................10

Fed. R. Civ. P. 12 ..........................................................................................................2, 3, 10, 11

Fed. R. Civ. P. 20 ...........................................................................................................................7

Fed. R. Civ. P. 21 ...........................................................................................................................9

## INTRODUCTION

This is a copyright infringement case. Defendants are online sellers who have not disputed that they copied Roadget's copyrighted "Swag Bear" design. Instead, they have filed a motion to dismiss that raises a variety of technical and procedural arguments that have little or nothing to do with the sufficiency of Roadget's Complaint. Those arguments lack merit, and almost none of them would support dismissal even if they were well-founded. For example, while most Defendants have submitted to the jurisdiction of this Court, others have submitted ambiguous declarations to try to evade litigation in the Northern District of Illinois. The declarations are insufficient, but even if they were read as Defendants propose to read them, jurisdiction over these foreign sellers would still be proper under Fed. R. Civ. P. 4(k)(2). Similarly, Defendants raise ancillary and unavailing concerns about joinder, service of process, and a subset of the requested relief, but even if these concerns were justified, they would not justify dismissal—only further steps, such as severance or service by other means. And the only argument that approaches a challenge to the sufficiency of Roadget's Complaint—Defendants' effort to question Roadget's ownership of the asserted copyright—requires crediting Defendants' speculations over Roadget's well-pleaded allegations and the attached copyright registration.

The motion to dismiss should be denied.

## BACKGROUND

Plaintiff Roadget owns the popular online fashion and lifestyle retailer SHEIN, the most downloaded application on Apple's App Store in 2022. ECF No. 5, ¶¶ 1, 10. It has registered numerous copyrights to protect its original designs. *Id.* ¶ 11. One of these is a cartoon image of a bear in a distinctive dancing pose wearing a T-shirt and jeans, called "Swag Bear." *Id.* ¶ 12. Roadget owns the copyright to Swag Bear, as evidenced by the valid copyright registration certificates attached to the Complaint. *See id.* Ex. A, B.

1

Defendants[1] are foreign online sellers on e-commerce websites, operating behind aliases, who have infringed Roadget's registered copyright. *See id.* ¶ 1. They have copied the Swag Bear design and put it on clothing offered for sale to United States consumers. *See id.* ¶ 14–15; ECF No. 50, at 7 (acknowledging Defendants are located in China). In some cases, one entity operates more than one online store, each named for a different alias. ECF No. 50, at 13 (acknowledging that Defendants 1 and 2, and Defendants 18, 22, and 26, are each owned by one entity).

Roadget discovered Defendants' infringement, initiated this Action, and moved for a Temporary Restraining Order. This Court granted the TRO, enjoined Defendants' infringement, authorized service of process by email, and froze Defendants' assets. ECF No. 12. The TRO has been extended through the disposition of Roadget's motion for preliminary injunction, ECF No. 25, which remains pending. ECF No. 21.

## LEGAL STANDARD

Defendants have moved to dismiss the Complaint on three grounds: personal jurisdiction under Rule 12(b)(2) (as to six Defendants), insufficient service of process under Rule 12(b)(5), and failure to state a claim under Rule 12(b)(6).

To survive a Rule 12(b)(2) challenge to personal jurisdiction, where the court rules on written materials rather than an evidentiary hearing, "the plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). In evaluating whether the *prima facie* standard has been satisfied, the court takes the plaintiff's asserted facts as true, and resolves any factual disputes in its favor. *Id.*

As to the challenge to service of process, the plaintiff must demonstrate that the court has

---

[1] Throughout this Response, the term "Defendants" is used to refer only to the twenty-two Defendants who filed the instant motion: Defendants 1–8, 10–12, 14, 17, 18, 20, 22–26, 28, and 29.

2

jurisdiction over each Defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If the court finds the plaintiff has not met its burden, it may either dismiss the action or specify a time within which service must be effected. *Id.*

To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The bar to survive a motion to dismiss is not high." *Gociman v. Loyola Univ. Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). The complaint's allegations are "accepted as true," and no evidence is required. *Ashcroft*, 556 U.S. at 678.

## ARGUMENT

**I.      This Court Has Personal Jurisdiction over Defendants 5, 8, 23–25, and 28.**

When Roadget filed this case, Roadget did not know for sure who the Defendants were, where they were located, and where they had made sales. Defendants were anonymous online sellers of infringing goods, and Roadget brought this case to stop that infringement and disgorge any ill-gotten profits. But Roadget believed—including because Defendants stood willing and able to deliver infringing goods to Illinois—that Defendants had made sales in Illinois, and on that basis alleged as much. ECF No. 5, ¶ 6. And it turns out Roadget was undisputedly right as to most Defendants: of the 22 Defendants who join in the motion to dismiss, only 6 contest personal jurisdiction at all.

For those 6 who contest jurisdiction, Roadget need only make out a *prima facie* case to defeat a motion to dismiss for lack of personal jurisdiction, in the absence of an evidentiary hearing. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In evaluating the *prima facie* case, all disputes concerning relevant facts are resolved in the plaintiff's favor. *Id.* Here, the declarations Defendants have submitted raise more questions than

answers, claiming in each case that they did not sell the "Swag Bear" design (the defined "Accused Product") in Illinois, rather than affirming that they sold none of their own apparel products bearing the claimed design or a substantially similar one. *See, e.g.*, Liu Jinming Declaration ¶ 4, ECF No. 50-1. They also cite to no underlying documents or data to substantiate the conclusory assertions. At this stage, the dispute over whether sales have occurred in Illinois is a question of fact that should be resolved in Roadget's favor.[2]

Even if Defendants' unsubstantiated claims are correct that no sales were made to consumers in Illinois, this distinction is of no moment. Rather, the data provided pursuant to the TRO confirms an independent basis for personal jurisdiction, irrespective of whether the 6 Defendants in question ever made infringing sales in Illinois: Because the Defendants are in fact outside the United States, they can be sued in any district under Fed. R. Civ. P. 4(k)(2). The rule allows federal courts to exercise jurisdiction over foreign defendants who have minimum contacts with the nation as a whole, even though they may lack sufficient contacts with any one state to be sued there. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). Under Rule 4(k)(2), Defendants cannot offer infringing products to customers across the United States and then evade U.S. courts by claiming their contacts with any one state are too scant.

To exercise nationwide jurisdiction over a foreign defendant, Rule 4(k)(2) requires that (1) the claims are based on federal law, (2) no state court can exercise jurisdiction, (3) jurisdiction is consistent with U.S. laws, and (4) jurisdiction is consistent with the Constitution. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). And as Roadget has previously established, *see* ECF No. 54, all

---

[2] At a minimum, jurisdictional discovery would be needed to explore Defendants' assertions and, in particular, the nature and extent of their sales in Illinois.

4

four elements are satisfied here.

The claim asserted is based on federal law (the Copyright Act). No state can exercise jurisdiction, since Defendants argue they are not subject to suit in Illinois and have not indicated they would be subject to suit in any other state. Defendants themselves bear the burden to propose an alternate forum where they can be sued, to save the Court the inefficiency of "traips[ing] through the 50 states, asking whether each could entertain the suit." *ISI Int'l, Inc.*, 256 F.3d at 552.[3]

Jurisdiction is consistent with U.S. laws, because neither the Copyright Act nor another federal statute indicates jurisdiction would be improper. *Cent. States*, 230 F.3d at 941. And finally, the exercise of personal jurisdiction is consistent with the Constitution if Defendants have established minimum contacts with the United States as a whole, such that they should reasonably anticipate being haled into court here. *Cent. States*, 230 F.3d at 943. Defendants do not dispute that they sell their products in the United States, and that is easily enough to show minimum contacts with the nation. *E.g.*, *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757–58 (7th Cir. 2010) (online retailer had minimum contacts with a forum because it maintained a website where residents of the forum could do business and sold to one resident of that forum).

Accordingly, personal jurisdiction is proper in this Court as to all 6 Defendants, either based on Defendants' Illinois sales or based on Rule 4(k)(2).

## II. Roadget Has Alleged Facts Sufficient to Establish Ownership of the Swag Bear Copyright.

Roadget owns the asserted "Swag Bear" copyright. It alleged as much in its Complaint

---

[3] Should any Defendant contend that it is amenable to suit in another district, such an argument raised for the first time in a reply would be waived, since Roadget has not had the opportunity to respond. *Larkin-Gordon v. Ortho-McNeil-Janssen Pharms., Inc.*, 295 F. App'x 817, 818 (7th Cir. 2008); *Peterson v. Vill. of Downers Grove*, 103 F. Supp. 3d 918, 925 (N.D. Ill. 2015).

5

and attached a registration indicating that Roadget is the owner. *E.g.*, ECF No. 5, ¶¶ 12, 18 ("Roadget is the copyright owner, and its copyright is valid and enforceable;" "[a]t all relevant times, Roadget has owned and still owns all exclusive rights in the Swag Bear copyright"). Against this backdrop, Defendants raise a number of speculative concerns designed to cast doubt on whether Roadget's allegations regarding ownership are true. But at the motion to dismiss stage, Roadget's allegations must be taken as true, *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013), and they cannot be defeated by contrary speculation. *Symbria, Inc. v. Callen*, No. 20-cv-4084, 2022 WL 60530, at *14 (N.D. Ill. Jan. 6, 2022) (to state a claim for copyright infringement, a complaint need only allege ownership of a valid copyright registration and infringement). Defendants are free to explore ownership in discovery, but Roadget's allegations are plainly sufficient at this stage.

Meanwhile, Defendants' motion focuses on irrelevant questions to support their speculative ownership challenge. For example, they point out that the *author* of the copyright is Guangzhou Shein rather than Roadget. ECF No. 50, at 8. Of course that is true, as indicated by the registration. But that is irrelevant to Roadget's well-pleaded claim to copyright *ownership*. And while Defendants try to make an issue of Roadget's supplementary registration, the mere existence of such a registration does nothing to rebut the presumption of validity. *See, e.g.*, *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 53 (S.D.N.Y. 2009) (corrections in supplementary registration "do not affect the presumptive validity of a copyright").

Similarly, Defendants raise "questions" about the work-for-hire agreement between Guangzhou Shein and designer Soby Ou. ECF No. 50, at 9. But Defendants' "questions" are not a reason to dismiss the Complaint, nor is there any requirement to attach comprehensive chain-of-title evidence to a pleading. *See Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*, No. 02 C

6

4721, 2003 WL 21799259, at *1–2 (N.D. Ill. July 24, 2003). Arguments on chain of title are properly raised, if at all, at summary judgment or trial. *Nova Design Build, Inc. v. Grace Hotels, LLC*, No. 08 C 2855, 2008 WL 4450305, at *4 (N.D. Ill. Sept. 30, 2008) (arguments concerning copyright validity "are properly made in a summary judgment motion rather than in a motion to dismiss").

**III.     Joinder Is Appropriate Under Rule 20(a)(2), Whereas Severance Would Cause Undue Expense and Delay.**

Defendants also ask the Court to sever this action into *thirty* separate lawsuits—an expensive, inconvenient, and time-consuming step not required by the Federal Rules. Rule 20(a)(2) allows joinder of defendants at the court's discretion if claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences" and there is a common question of law or fact. The Rule's purpose is to promote trial convenience and avoid the unnecessary loss of time and money from presenting common evidence separately, and it gives courts considerable judicial discretion to structure litigation for a fair and efficient result. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A judge can deny joinder if, for example, "the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." *Id.*

Joinder of Defendants here fosters the objectives of Rule 20, whereas severance is sure to lead to prejudice, expense, and delay. The moving Defendants, all represented by the same firm and filing briefs together, have all participated in the same series of occurrences—the same mass infringement—on the same platform, against the same plaintiff, copying the same registered copyright. There is evidentiary overlap, because the evidence of infringement comes from one website (Temu) and the seller data comes from one third party (Temu). Thirty separate lawsuits would therefore needlessly overwhelm this Court's already bustling docket with duplicative

7

arguments and discovery.

Fortunately, the law does not require a finding of misjoinder here. Some "Schedule A" cases in this District have been severed and some have not. *Compare Bose Corp. v. P'ships et al. on Schedule A*, 334 F.R.D. 511 (N.D. Ill. 2020), *with Estée Lauder Cosmetics Ltd. v. P'ships et al. on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020). But where misjoinder has been found, the number of defendants is uniformly much greater than the 33 at issue here—for example, the plaintiff in *Art Ask Agency* sued 216 defendants; in *NFL Properties* it was 228. *Art Ask Agency* v. *P'ships et al. on Schedule A*, No. 21-cv-06197, 2021 WL 5493226, at *1 (N.D. Ill. Nov. 23, 2021); *NFL Props. LLC v. P'ships et al. on Schedule A*, No. 21-cv-05522, 2021 WL 4963600, at *1 (N.D. Ill. Oct. 26, 2021). The number of copyrights is invariably greater than the single one Roadget asserts here. *See, e.g.*, *Art Ask Agency*, No. 21-cv-06197, ECF No. 1 (N.D. Ill. Nov. 19, 2021) (twelve copyrights); *Ilustrata Servicos Design, LTDA v. P'ships et al. on Schedule A*, No. 21-cv-05993, ECF No. 1 (N.D. Ill. Nov. 9, 2021) (five copyrights). And most contain multiple claims involving both copyright and trademark infringement, whereas Roadget has asserted a single count of copyright infringement against each of the sellers here.

Defendants emphasize they are unaffiliated, but since they are all sellers on the same platform (Temu), the evidence for each seller comes from the same source.[4] If the case were severed, therefore, the factual overlap would turn the array of cases into "a game of 'whack-a-mole.'" *Bose*, 334 F.R.D. at 516–17. In *Bose*, the court found joinder of online infringers appropriate, reasoning that the plaintiff "faces a swarm of attacks" on its intellectual property,

---

[4] Even apart from their representation by the same counsel, Defendants' assertion that they are "unaffiliated" bears some scrutiny. The product links in Schedule A to the Complaint for Defendants 17, 19, 21, and 26—purportedly owned by different entities—lead to identical photos of a tattooed man wearing a shirt, with the only difference being the color of the shirt. *See* Sealed Compl., Sch. A, ECF No. 5. Are these sellers affiliated, did they share images, or did they obtain the image from the same source? Any of these explanations would support the conclusion that their conduct is part of the same series of occurrences for joinder purposes.

8

and it is the swarm, rather than any one attack, "that is the defining aspect of the harm from which Bose seeks relief." *Id.* Joinder, the court reasoned, flows from conceptualizing the swarm as the "occurrence." *Id.*

As Defendants acknowledge, misjoinder is not a ground to dismiss an action, and this case could proceed even if severed. Fed. R. Civ. P. 21. But they also know that pursuing thirty separate lawsuits would make it much harder, as a practical matter, for Roadget to recover for Defendants' copyright infringement. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties"). Defendants should not be permitted to weaponize procedural rules to evade accountability and burden the Court in the process.

## IV. Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages.

Roadget's Complaint seeks, among other things, statutory damages, which can and should be enhanced here because Defendants' infringement is willful. *See* 17 U.S.C. § 504(c)(2) (permitting statutory damages of up to $150,000 per work upon a finding of willfulness). And Roadget's allegations are more than sufficient to establish willfulness. Defendants' copies of Swag Bear are not accidental approximations of the design, nor are they vaguely similar-looking cartoon bears. They are virtually identical across the board. *See* Sealed Complaint ¶ 22, ECF No. 5 ("Defendants' clothing design is more than substantially similar to the copyrighted Swag Bear design; it is virtually identical in all relevant respects.") Infringement is willful if the infringer knows its conduct is infringement or "has acted in *reckless disregard* of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511–12 (7th Cir. 1994) (emphasis added). A finding of willful infringement does not require that the plaintiff provide notice of the copyright to the infringer—it does not even require knowledge of the copyright;

9

reckless disregard is willful.

Roadget's allegations, taken as true at this stage, readily support the conclusion that Defendants knowingly copied and pasted the copyrighted Swag Bear design onto their clothing and offered it for sale.[5] On this record and at this stage, Defendants have, at a minimum, recklessly disregarded the rights of the owner of the design, and their infringement is willful. *Cf., e.g., Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 711 (9th Cir. 2010) (relying on "exactitude" of coping to support finding of willful copyright infringement). And willfulness supports Roadget's claim for enhanced damages.

Of course, even if Roadget's allegations were not sufficient to support a particular form of relief sought, that "would not justify dismissal of the suit." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). As the Seventh Circuit has explained, the "demand for judgment for the relief the pleader seeks" required by Rule 8(a)(3) is "*not* itself a part of the plaintiff's claim," and thus "failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Id.* (emphasis added).[6] This is true as to both "enhanced damages" and "exemplary damages," but, in any event, the prayer for exemplary damages should be construed as a prayer for enhanced damages for willfulness under 17 U.S.C. § 504(c)(2), which is akin to a punitive measure.

**V.     Defendants Were Properly Served by Email.**

Roadget served Defendants by email in compliance with this Court's December 5, 2023 Temporary Restraining Order, which expressly permits service by email. ECF No. 12, at 5–6.

---

[5] This case is thus unlike *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019), where the plaintiff did not allege exact copying as part of the pleading on willfulness.

[6] Defendants rely on *Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021), to suggest that forms of relief are proper targets of a Rule 12(b)(6) motion, *see* ECF No. 50, at 10, but *Southall* is inconsistent with *Bontkowski* and relies on out-of-circuit authority.

The Order required Roadget to "electronically publish[] a link to . . . relevant documents on a website" and "send[] an e-mail with a link to said website" to Defendants. *Id.* Roadget certified on January 2, 2024 that it had followed these steps exactly. ECF No. 26. Defendants have been served properly pursuant to the Order. And the decision to allow for alternative means of service of process was within this Court's discretion under Rule 4(f)(3), which allows service on foreign individuals "by other means not prohibited by international agreement, as the court orders."

The mode, delivery, and timeliness of service by email were correctly within the parameters of the Court's Order permitting such service. A motion to dismiss for insufficient service of process must concern "the manner of service of process." *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990); Fed. R. Civ. P. 12(b)(5). But Defendants do not object to the manner of service. Instead, they ask this Court to reconsider its December 5 Order authorizing service of process by email. That request is properly the subject of a motion to reconsider or modify the Temporary Restraining Order, not a motion for insufficient service of process under Rule 12(b)(5).

In any event, there is no reason now to modify the Order. Email service of process is proper pursuant to Fed. R. Civ. P. 4(f)(3). The decision to allow alternative means of service of process is within this Court's discretion. *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018). The applicable international agreement here, the Hague Convention, does not prohibit email service of process. *Hangzhou Chic Intelligent Tech. Co. v. P'ships et al. on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (collecting cases); *The Neck Hammock, Inc v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598, at *4 (D. Utah Oct. 29, 2020) ("[T]he majority [of courts] have concluded that a country's objection to Article 10(a) [service

11

by mail] does not equate to an objection to email service.")

Courts allow electronic service of process where a reasonable investigation did not uncover valid physical addresses. *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018). And courts have found a reasonable investigation even where physical addresses were available. In *Hangzhou Chic*, 2021 WL 1222783, at *2, the court upheld email service of process even where the sellers had physical address information on their websites, pointing to the epidemic of infringing goods sold online, the unambiguous nature of defendants' infringement, and the exigent circumstances justifying freezing defendants' assets. *Id.* "Time is of the essence with an injunction in place," the court pointed out, "so the Court authorized email service in order to provide [defendants] with notice as quickly as possible." *Id.* at *3.

Roadget requested service of process by email in its December 28, 2023 Motion for Temporary Restraining Order, ECF No. 21. A reasonable investigation of Defendants' websites—visiting each of Defendants' storefronts and closely examining their websites for contact information—did not uncover their business addresses at the time. Decl. Deepa A. Chari ¶ 3. Were the business addresses on the website prior to December 28, or were they added later? The addresses exist on live webpages that can be updated at any time. Defendants have provided no evidence that the addresses were on the website when the motion for service of process by email was filed. *See Hangzhou Chic*, 2021 WL 1222783, at *2 (pointing out that "it is not clear that [defendants] provided addresses on their Amazon websites at the time Plaintiffs filed their motion for email service"). Indeed, there is reason to believe the information *has* changed over time. In another case also involving Temu merchants, Roadget discovered after filing that the contact information for 23 of the 27 defendants had changed, potentially in response to litigation.

*Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*, No. 24-cv-607, ECF No. 28, at 8 (N.D. Ill. Feb. 27, 2024).

It is unclear, too, when Defendants' real entity names appeared on their online storefronts (for example, for seller Onepeace, the real name "Guangzhou Blackbeard Media Co., Ltd."). The addition of the entity names seems to have been recent. Prior to mid-February, Roadget observed that these names were not available on the website for any of the Temu sellers checked. Decl. Deepa A. Chari ¶ 4. Filings from early February by Temu seller defendants in other cases *prove* that real entity names did not appear on the website at the time. *See* Sealed Ex. B to Chen Decl., *Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*, No. 24-cv-115, ECF No. 31-3 (N.D. Ill. Feb. 7, 2024). According to the instructions on the website of the Hague Conference, service of process on an entity requires not only the mailing address but the *identity* of the addressee.[7] Roadget could not have requested that the China Central Authority serve an entity without providing information about who that entity is, and Defendants demonstrably did not publicize that information.

Seller contact information, then, is not only difficult to find—the user must click the seller's avatar image, which does not look or behave like a link—but also incomplete. Defendants concede the addresses are still unavailable for several of the sellers. For example, the addresses for Defendants 10 and 17 are missing entirely, showing only the words "Chinese Mainland."

Finally, even if Temu sellers' addresses existed on the website prior to December 28, and even if they were accurate and complete, email service of process would *still* be the most efficient way to proceed and the only viable path forward in Schedule A cases, given the unique

---

[7] https://assets.hcch.net/docs/6700b8be-9a8e-4898-bc51-548a4a69d3df.pdf.

13

exigencies. The same counsel for Defendants made an identical argument regarding email service of process in another Schedule A case initiated by Roadget, and Judge Jenkins rejected it for this reason:

> The Court agrees with Roadget that email service is appropriate here, even if the Temu merchants' addresses are accurate and service could be accomplished pursuant to the Hague Convention. *See NBA Props., Inc. v. Schedule A*, 549 F. Supp. 3d 790, 796–98 (N.D. Ill. 2021) (explaining that the Hague Convention neither authorizes nor prohibits service by email, making it permissible under Rule 4(f)(3), and explaining why email service is preferable in a Schedule A case). Here too, Defendants' email addresses are verified by the websites, but their physical addresses may not be, and a longer period of service with a TRO in place would harm Defendants.

*Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*, No. 24-cv-607, ECF No. 31, at 10 (N.D. Ill. Mar. 1, 2024).

Electronic service of process is appropriate in this case. Service of process by other methods "generally takes 1–2 years to complete and is frequently unsuccessful," *Celgard, LLC. v. Shenzen Senior Tech. Material Co.*, No. 3:20-CV-130-GCM, 2020 WL 2575561, at *3 (W.D.N.C. May 21, 2020), imperiling any remedy Roadget can secure for Defendants' infringement. But even if the Court were to conclude that service of process pursuant to the Hague Convention through the China Central Authority were required, the appropriate course would be to pursue such service, *not* to dismiss the case. Service of process can—and should—be quashed without requiring dismissal of the action. *Vorhees v. Fischer & Krecke*, 697 F.2d 574 (4th Cir. 1983); *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387 (9th Cir. 1976); *Haley v. Simmons*, 529 F.2d 78 (8th Cir. 1976).

**CONCLUSION**

Roadget respectfully requests that this Court deny Defendants' Motion to Dismiss or, Alternatively, to Sever. Even if the Court were persuaded by some of Defendants' arguments, dismissal would not be the appropriate remedy. For example, as to personal jurisdiction, at minimum, jurisdictional discovery should be permitted. As to service of process, at most the Court should direct Roadget to serve Defendants by other means. And even as to arguments going to the sufficiency of Roadget's allegations (e.g., regarding ownership), Roadget should be permitted leave to amend.

Dated: March 8, 2024

Respectfully submitted,

*/s/ Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*

15