IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No.: 1:23-cv-16262<br><br>**Judge Jeffrey I. Cummings** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR SEVER**

Plaintiff Roadget Business Pte. Ltd. ("Roadget"), by and through its undersigned counsel, hereby moves for leave to file a Surreply in Opposition to Defendants' Motion to Dismiss or Sever (the "Surreply"), attached hereto as Exhibit 1. In support of its request, Roadget states as follows:

1. Certain Defendants filed their Motion to Dismiss or, Alternatively, to Sever on February 12, 2024. Dkt. 49. Roadget filed its Response to Defendants' Motion to Dismiss or Sever on March 8, 2024. Dkt. 65. Defendants filed a Reply in Support of Motion to Dismiss or, Alternatively, to Sever (the "Reply") on March 20, 2024. Dkt. 66.

2. In their Reply, Defendants raise a new argument: for the first time, they purport to consent to personal jurisdiction in states other than Illinois in an attempt to evade this Court's exercise of nationwide personal jurisdiction under Rule 4(k)(2). *See* Dkt. 66, at 6–7 (six

1

Defendants consent to jurisdiction in Massachusetts, California, New York, Connecticut, Tennessee, and Washington respectively).

3. Because Defendants raised this argument for the first time in their Reply, Roadget has not had the opportunity to respond to it.

4. The proposed Surreply narrowly addresses only six Defendants' new argument concerning personal jurisdiction under Rule 4(k)(2). The proposed Surreply is only six pages long.

5. This Court has discretion to grant leave to file a surreply. *Univ. Healthsys. Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014). Leave is appropriate if the surreply will protect "the aggrieved party's right to be heard and provide[] the court with the information necessary to make an informed decision." *Id.* (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005)). Leave is also appropriate to allow the moving party to address "new arguments in a reply brief." *Id.*; *see also* Minute Order, *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10-cv-00461, Dkt. 208 (N.D. Ill. May 26, 2011) (granting leave to file a surreply because it would allow the moving party to respond to "new arguments" and "be helpful to the Court in deciding the motion").

6. Accordingly, Roadget respectfully requests leave to file the attached Surreply.

| | |
|---|---|
| Dated: April 9, 2024 | Respectfully submitted,<br><br>*/s/ Steven J. Horowitz*<br>Steven J. Horowitz<br>Matthew D. Binder<br>Deepa A. Chari<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>(312) 853-7000<br>shorowitz@sidley.com<br>mbinder@sidley.com<br>dchari@sidley.com<br>*Counsel for Plaintiff Roadget Business Pte. Ltd.* |