**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO <br><br> Defendants. | CIVIL ACTION NO. 1:23-cv-16262 <br><br> Judge: Hon. Jeffrey I. Cummings |

**DEFENDANTS' UNOPPOSED MOTION FOR JOINDER TO MOTION FOR REFERRAL TO THE REGISTER OF COPYRIGHTS UNDER 17 U.S.C. § 411(b)(2)**

Defendant Nos. 1, 2, 3, 4, 6, 7, 11, 12, 14, 18, 20, 22, 26, and 29 listed on Schedule A ("**Joining Defendants**")[1] move the Court for permission to join in the motion filed by Defendants Peiwen Luo and Yijun Wu (Defendant Nos. 10 and 17) under 17 U.S.C. § 411(b)(2) requesting referral to the Copyright Office inaccurate ownership claims Plaintiff made in its application for registration of the asserted copyright (the "**Referral Motion**"). *See* ECF No. 62. Plaintiff does not oppose the instant motion for joinder.

In this Schedule A action, all 33 Schedule A defendants are accused of infringing the same copyrighted work: the "Swag Bear" copyright. ECF No. 5 at ¶ 14. In briefing on Plaintiff's consolidated motion for preliminary injunction, Plaintiff revealed that it misrepresented its ownership of the Swag Bear copyright when it filed its application for copyright registration. Thereafter, Defendants Peiwen Luo and Yijun Wu (Defendant Nos. 10 and 17) filed their Referral Motion. *See* ECF No. 62. The Joining Defendants would have joined in the Referral Motion; however, because they had asserted an improper-service defense in their Rule 12 motion, *see* ECF No. 50 at 6, they could not join in the Referral Motion without risking waiver. *See, e.g.*, *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) (risk of waiver of "defective service" where the party asks court to "consider[] the merits or quasimerits" of the case).

Upon further development of the factual record upon which the improper-service defense was based, the Joining Defendants decided to withdraw the defense. *See* ECF No. 66 at 13–14

---

[1] **Defendant Nos. 1 and 2** (Guangzhou Blackbeard Media Co., LTD., dba Onepeace and Zoro A), **Defendant No. 3** (Guangzhou Chengfeng Garment Co., Ltd., dba Yestoday Once More), **Defendant No. 4** (Guangzhou Dexian Clothing Co., Ltd., dba Zero Series), **Defendant No. 6** (Puning Liding Trading Co., Ltd., dba Saloni), **Defendant No. 7** (Guangzhou Tianhe District Shahederan Clothing Store, dba Eurolaton), **Defendant No. 11** (Foshan City Chancheng District Danjinjie Clothing Factory, dba Dan Jinjie Clothing Factory), **Defendant No. 12** (Foshan Jiayuanning Children's Clothes Co., Ltd., dba Happy Girl Clothes), **Defendant No. 14** (Guangzhou City Baiyun District Dayuanxinze Clothing Store, dba Haccefe), **Defendant Nos. 18, 22, and 26** (Shenzhen Kaiheng Qianse Clothing Co., Ltd., dba Good Boy Boy, Fighter Planes, and Zero A), **Defendant No. 20** (Shilumei Apparel (Guangzhou) Co., Ltd., dba Mens Prince), **Defendant No. 29** (Guangzhou Zuowei Clothing Co., Ltd., dba Step Men Clothing).

(reply brief withdrawing improper-service defense). Therefore, rather than filing a separate referral motion under 17 U.S.C. § 411(b)(2), resulting in unnecessary briefing of issues that are already fully briefed by Plaintiff and Defendants Peiwen Luo and Yijun Wu (ECF Nos. 62 (Referral Motion), 67 (Opposition), 70 (Reply)), the Joining Defendants request that they be permitted to join in the fully-briefed Referral Motion without any delay or waste of resources from further briefing.

Courts in this District generally permit parties to join in pending motions where the moving party and the joining party are identically situated as it relates to the issues briefed in the motion, such that no additional factual development or briefing is required. *See Morgan v. Nat'l R.R. Passenger Corp.*, No. 18-cv-3379, 2019 WL 414714, at *5 (N.D. Ill. Feb. 1, 2019) (permitting Amtrak to join in State Farm's motion to dismiss the plaintiff's claim charging both companies with conspiring to violate the plaintiff's constitutional rights); *Jones v. Gonzalez*, No. 22-cv-1333, 2023 WL 4549508, at *4 (N.D. Ill. July 14, 2023) (permitting joinder for similar reasons, and adding it would not "add any extra work for anybody"). Here, the defendants in this action are identically situated as it relates to the issues raised in the Referral Motion. Specifically, whether Plaintiff knowingly misrepresented its ownership of the Swag Bear work to the Copyright Office is a factual inquiry that is agnostic as to the defendant raising the motion; no additional factual development or briefing is required by the addition of the Joining Defendants to the Referral Motion.

Therefore, Joining Defendants request that they be permitted to join the Referral Motion, and adopt in full the briefing therein. Plaintiff does not oppose the instant motion for joinder.

Dated: April 18, 2024	Respectfully Submitted,

/s/ William W. Flachsbart

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

*Counsel for Defendants*

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*

*Pro hac vice* forthcoming

William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

*Counsel for Defendants*