IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No.: 1:23-cv-16262<br><br>Judge: Hon. Jeffrey I. Cummings |

**PLAINTIFF'S UNOPPOSED MOTION
FOR LEAVE TO FILE SUPPLEMENTAL INFORMATION**

As supplemental information in support of its Response to Defendants' Motion for Referral to the Register of Copyrights, Dkt. 67, Plaintiff Roadget Business Pte. Ltd. ("Roadget") moves the Court for leave to file the supplementary registration certificate and declaration attached hereto as Exhibits 1 and 2. Counsel for Defendants has indicated that they do not oppose this motion. However, counsel for both parties have corresponded and agreed that Defendants will file a response within 14 days of the filing of this motion. In support of its request for relief, Roadget states as follows:

In their Motion for Referral to the Register of Copyrights under 17 U.S.C. § 411(b)(2) (the "Motion"), Defendants 10 and 17 pointed out that the registration certificates for the Swag Bear copyright (VA 2-306-339, VA 2-351-450) incorrectly identified Roadget as the owner rather than Guangzhou Shein, when assignment of the copyright from Guangzhou Shein to Roadget was

1

completed only after the certificate was issued. Dkt. 62.

In its Response, Roadget acknowledged the error, explaining that it was inadvertent and that Defendants had not shown it was made knowingly, which is a prerequisite to referral to the Copyright Register in this Circuit. Dkt. 67.

Since the Motion was filed, the Copyright Office has issued a supplementary registration certificate, attached hereto as Exhibit 1, correcting the error on the Swag Bear copyright certificate. The supplementary registration certificate now correctly shows Guangzhou Shein was both the author and owner at the time of registration. And the assignment agreement already filed with the Court shows that Roadget has become the owner since registration. Dkt 52-2. Moreover, the Copyright Office now knows the context and circumstances of the error, and has chosen to grant the supplementary registration certificate. A declaration of Jeffrey Yee, attached hereto as Exhibit 2, was submitted alongside the application for supplementary registration, acknowledging that Mr. Yee "mistakenly indicated to the Copyright Office that Roadget was already the owner, when the assignment had not yet been executed." *Id.* at ¶ 6.

Together with the assignment agreement, the supplementary registration certificate establishes Roadget's ownership of a valid copyright and obviates the need for referral. *See Covetrus Inc. v. Actian Corp.*, No. 2:21-CV-00097-LEW, 2022 WL 17417289, at *3 (D. Me. Dec. 2, 2022) (denying motion for referral to Copyright Register after supplementary registrations were granted); *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 3:17-CV-42, 2019 WL 4647305, at *9–10 (S.D. Ohio Sept. 24, 2019) (denying motion for referral and reasoning that since the Copyright Office knew of the defects, the questions for referral had "already been answered by the Copyright Office by . . . accepting the supplemental registrations").

Accordingly, Roadget requests leave to file the attached supplemental materials.

Dated: May 2, 2024

Respectfully submitted,

<u>/s/ *Steven J. Horowitz*</u>
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*