**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | |
| Plaintiff, | CIVIL ACTION NO. 1:23-cv-16262 |
| v. | Judge: Hon. Jeffrey I. Cummings |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL INFORMATION**

Roadget's new information reveals it secretly prosecuted a new supplementary application for several weeks during the pendency of Defendants' motion for referral under 17 U.S.C. § 411(b)(2). Roadget did not inform Defendants or the Court of the new application, and it appears Roadget did not inform the U.S. Copyright Office ("USCO") of the interrelated 411(b)(2) motion. Roadget's improper attempt to circumvent the statutorily required referral process by submitting a supplementary application against USCO's express non-interference policy should be rejected.

The USCO and courts strongly disfavor supplements to make changes "directly at issue" in litigation. *See* COMPENDIUM § 1802.9(G) (policy of declining supplements "directly at issue in the litigation"); *Michael Pellis Architecture PLC v. M.L. Bell Constr. LLC*, No. 3:22-cv-470, 2023 WL 6222623, at *4–5 (E.D. Va. Sept. 22, 2023) ("[C]ourts [] disfavor[] attempts to supplement registrations that are the subject of pending copyright infringement actions."). And the USCO has confirmed it will decline supplements to fix false claims if a 411(b)(2) motion is pending. *See* Judge Decl., Ex. C, *PalatiumCare, Inc. v. Notify LLC*, No. 22-cv-217, ECF No. 94-2 (E.D. Wis. Apr. 7, 2023) (declining supplement given 411(b)(2) motion, citing COMPENDIUM § 1802.9(G)). However, the system inherently relies on party transparency. *See Brandon v. New Power Generation*, No. 15-cv-22738, 2016 WL 8808695, at *2 (S.D. Fla. Apr. 18, 2016) ("At the [] hearing, the Court inquired as to whether the Copyright Office was informed of the pending litigation.").

Roadget refuses to produce its correspondence with the USCO; thus, Defendants assume Roadget did not inform the USCO of the 411(b)(2) motion. Roadget should not be rewarded for leading the USCO into unknowingly acting against its own non-interference policy. Regardless, Seventh Circuit precedent confirms the supplement does not absolve Roadget of its earlier false claims. *Cf. DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir. 2013) (correction "does not transform [the] earlier [ownership] misrepresentation into a true statement").

1

I.  **BACKGROUND**

When Defendants learned of Roadget's false ownership claims, they promptly raised the issue with Roadget to confer on a briefing schedule for the 411(b)(2) motion. *See* Caleb Judge Decl., Ex. A. Defendants first emailed Roadget on Feb. 29, 2024, but Roadget's counsel insisted he could not confer until March 5 due to travel plans. *Id*. While Roadget's counsel was too busy to meet-and-confer during this time, it is now revealed that Roadget's legal team was preparing the new application to be filed on March 5 (the same day the 411(b)(2) motion was filed).[1]

Due to the *ex parte* nature of copyright applications, Defendants do not have access to the application materials or correspondence between Roadget and the USCO. Thus, Defendants do not know for sure whether Roadget disclosed to the USCO that the supplementary application was seeking change that was "directly at issue" in the pending 411(b)(2) motion. Defendants asked Roadget to produce the USCO correspondence. Roadget refused (*see* Judge Decl., Ex. B), leading Defendants to conclude that Roadget was not fully transparent with the USCO.

In addition, Roadget did not inform Defendants or the Court of the pending supplementary application. Roadget's counsel filed the application on March 5, yet did not inform the Court in its 411(b)(2) opposition filed on March 20 (ECF No. 67), despite the clear overlap of issues. Notably, Roadget also submitted to the USCO a Decl. of Jeffrey Yee dated March 29. ECF No. 77-2. The March 29 Yee Declaration attempts to substantiate the same alleged mistake-of-law defense to the USCO that Roadget earlier briefed to the Court in its March 20 opposition brief. *Compare* ECF No. 77-2 at ¶ 6, *with* ECF No. 67 at 4. Neither in the application nor the Yee Declaration does it appear that Roadget informed the USCO that the identical issue—Mr. Yee's alleged "mistake"—was contemporaneously being briefed and considered as part of the 411(b)(2) motion before this Court.

---

[1] The copyright agent who certified the new supplementary application (Julia M. Chester) is a member of Roadget's counsel of record in this litigation (Sidley). *See* www.sidley.com/en/people/c/chester-julia-m.

II. **ARGUMENT**

Given the *ex parte* nature of copyright prosecution and the likelihood that supplements may "confuse or complicate" pending litigation, the USCO has a standard policy of declining to issue supplementary registrations where the proposed change is "directly at issue" in the litigation. *See* COMPENDIUM § 1802.9(G). Courts recognize this as the USCO's "standard practice" designed to prevent "inequitable use of the supplementary registration system" by applicants to reactively evade "deficiencies" raised in pending litigation. *See Michael Pellis Architecture PLC v. M.L. Bell Constr. LLC*, No. 3:22-cv-470, 2023 WL 6222623, at *4–5 (E.D. Va. Sept. 22, 2023). Courts also "disfavor[] attempts to supplement registrations that are the subject of pending copyright infringement actions," *id.*, especially if the applicant did not inform the USCO of the pending litigation, or worse, a 411(b)(2) motion. *See dmarcian, Inc. v. DMARC Advisor BV*, No. 1:21-cv-67, 2024 WL 1916715, at *7, n.4 (W.D.N.C. May 1, 2024) (questioning supplement where plaintiff "did not disclose" that the supplement was "the subject of [the] litigation," including the pending 411(b)(2) referral, but ultimately declining to address the issue in view of other invalidity grounds).

To that end, if the USCO is apprised that the dispute is in litigation—usually by the applicant's candor—the USCO will ordinarily cite to its non-interference policy (Compendium § 1802.9(G)) and issue a written response declining the supplement. *See PalatiumCare, Inc. v. Notify LLC*, No. 22-cv-217, 2023 WL 2929462, at *9 n.11 (E.D. Wis. Apr. 13, 2023) ("The Notice indicates that the [USCO] will not resolve [plaintiff's] supplementary registration application until the Court has resolved the instant [411(b)(2)] motion."); *Michael Pellis*, 2023 WL 6222623, at *4 ("[T]he [USCO] suspended the application for supplementary registration due to the pending litigation, noting Plaintiffs' proposed changes 'are directly at issue in the litigation and any supplementary registration may confuse or complicate the pending dispute.'"). In *PalatiumCare*,

3

the defendants raised ownership falsehoods in a 411(b)(2) motion. 2023 WL 2929462, at *1. In response, the plaintiff filed supplements to cure the false assertions. *Id*. at n.11. Citing Compendium § 1802.9(G) and the pending 411(b)(2) motion, the USCO declined, *see* Judge Decl., Ex. C, No. 22-cv-217, ECF No. 94-2 (E.D. Wis. Apr. 7, 2023), which is consistent with the USCO's policy of not interfering with pending litigation. *See* Judge Decl., Ex. D, *Michael Pellis*, 3:22-cv-470, ECF No. 24-1 (E.D. Va. Oct. 18, 2022) (USCO declining because "direct response to [the] motion [to dismiss]"), 2023 WL 6222623, at *5 (court then denying motion to "direct" the USCO to act).

      Here, if the USCO was apprised of the 411(b)(2) motion, it likely would have followed its standard practice of declining to interfere with a matter "directly at issue" in this action. The new supplementary registration purports to correct the several false ownership claims Roadget made to the USCO over the course of two years, as briefed extensively in the 411(b)(2) motion. And the new supplementary application squarely raised the exact same alleged mistake-of-law defense that is solely for the Court to decide under the "knowledge" assessment of Section 411(b)(2). *Compare* March 20 Opp. to Mot. for Referral, ECF No. 67 at 4 (Roadget briefing the "mistake" defense), *with* ECF No. 77-2 at ¶ 6 (Yee Declaration to USCO asserting the same "mistake" defense). Thus, the "proposed change" is "directly at issue in the litigation." COMPENDIUM § 1802.9(G). Roadget's cited case (ECF No. 77 at 2) involved a true clerical change—changing the entity from "**Inc**." (which did not exist) to "**LLC**" (the actual entity)—which the court could easily find was permitted under § 1802.9(G) ("spelling mistake" or "clerical error"). *See Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 3:17-cv-42, 2019 WL 4647305, at *7 (S.D. Ohio Sept. 24, 2019).[2]

---

[2] Likewise, in *Covetrus Inc. v. Actian Corp.*, No. 2:21-cv-97, 2022 WL 17417289, at *3 (D. Me. Dec. 2, 2022), the court did not address Compendium § 1802.9(G) at all, but instead deferred ruling on the referral motion until summary judgment given the parties' dispute as to whether the inaccuracy was sufficiently material and made knowingly. *Id*. The court subsequently issued its ruling on the referral motion, denying the referral primarily on the grounds that the moving party did not show knowledge or willful blindness sufficient to support the referral. *See* No. 2:21-cv-97, ECF No. 231 at 13 (D. Me. Oct. 2, 2023) (finding

Courts generally inquire with the applicant/party if there is doubt as to whether the USCO was made aware of the pending dispute. *See Brandon*, 2016 WL 8808695, at *2 (inquiry at hearing); *Hayden v. 2k Games, Inc.*. No. 1:17-cv-2635, ECF No. 217 (N.D. Ohio April 27, 2023) (issuing OSC). Roadget's refusal to produce the USCO record to Defendants should not prevent the Court from ensuring it is relying on a copyright registration record that complies with USCO policy.

Lastly, proceeding with the referral under Section 411(b)(2) is consistent with Seventh Circuit precedent. In *DeliverMed*, the Seventh Circuit ordered the district to refer the false ownership claim even after the claimant had corrected the ownership title. *See* 734 F.3d at 623 (7th Cir. 2013). While *DeliverMed* did not involve a supplementary application, the same principle applies: Rodget's supplementary application "does not transform [the] earlier [ownership] misrepresentation into a true statement." *Id*. Likewise, *DeliverMed* confirmed that the process for a referral under Section 411(b)(2) is for the district court to make findings on whether a knowing inaccuracy occurred, and then for the USCO to advise on materiality. *Id*. at 623. The process is not, as Roadget suggests, for the defendant to file a 411(b)(2) motion and then for the plaintiff to race to the USCO to get the USCO to issue a supplement (against its stated policy) to evade the referral.

## III. CONCLUSION

The Court should issue the "[Revised Proposed] Request to the Register of Copyrights" referring Roadget's original ownership falsehood to the USCO as well as the question of whether the USCO would have issued the new supplement had it known that Roadget's false ownership claim was directly at issue in Defendants' pending 411(b)(2) motion.[3]

---

"errors [] were the result of inexperience with the registration process"). Here, Roadget's knowledge and experience are not reasonably in dispute. ECF No. 70 at 4–8 (addressing Mr. Lee's alleged mistake defense).

[3] Since learning of the supplement, Defendants submitted an inquiry yesterday through 411filings@copyright.gov to inquire whether the USCO was informed of the 411(b)(2) motion and whether it intended to act against its standard practice. Judge Decl., Ex. E. However, it is unclear if the USCO will respond absent a formal *judicial* inquiry. Defendants will supplement the record if the USCO responds.

Dated: May 16, 2024

Respectfully Submitted,

*/s/ William W. Flachsbart*

William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

*Counsel for Defendants*

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*

*Pro hac vice* forthcoming