IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No.: 1:23-cv-16262 <br><br> Judge Jeffrey I. Cummings |

**MEMORANDUM IN SUPPORT OF PLAINTIFF ROADGET'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANTS NOS. 19, 30, 31, 32, AND 33**

Plaintiff Roadget Business Pte. Ltd., ("Roadget"), moves this court to enter Default and Default Judgment, pursuant to Federal Rules of Civil Procedure 55(a) and 55(b)(2), against Defendants Nos. 19, 30, 31, 32, and 33 ("Defaulting Defendants") as listed on Schedule A, attached hereto as Exhibit A to Roadget's Motion for Entry of Default and Default Judgment. Defaulting Defendant No. 19 was properly served with the Complaint on January 2, 2024. ECF No. 26. Defaulting Defendants Nos. 30, 31, 32, and 33 were properly served on February 29, 2024. ECF No. 59. It has now been more than 21 days since service was made on Defaulting Defendants, and none has appeared, filed a responsive pleading, or otherwise defended against the Complaint. Accordingly, Roadget is entitled to entry of Default and Default Judgment as to Defaulting Defendants.

**I.  Statement of Facts**

Roadget is a private limited company registered in Singapore. ECF No. 5, ¶ 8. Its SHEIN

1

trademarks are used to sell a wide variety of products worldwide. *Id.* SHEIN was an early adopter of social media marketing, becoming the most downloaded application in Apple's App Store in 2021. ECF No. 5, ¶¶ 1, 10. Roadget has invested significant resources to build goodwill and brand recognition for SHEIN, and to further that mission, it has registered numerous copyrights to protect its original designs. *Id.* ¶ 11. This lawsuit seeks to enforce a copyrighted design called "Swag Bear," which depicts a bear in a distinctive dancing pose, wearing a t-shirt and jeans ("Roadget Copyright"). *Id.* at ¶¶ 12, 13. Roadget is the owner of all of the rights in the copyright. *Id.*

Defaulting Defendants are foreign online sellers on e-commerce websites, operating behind aliases, who have infringed Roadget's registered copyright. *See id.* ¶ 1. They have copied the Roadget Copyright and put it on clothing offered for sale to United States consumers. *See id.* ¶ 14–15. Roadget discovered Defaulting Defendants' infringement, initiated this Action, and moved for a Temporary Restraining Order. This Court granted the TRO, enjoined Defaulting Defendants' infringement, authorized service of process by email, and froze Defaulting Defendants' assets. ECF No. 12. Now, Defaulting Defendants have been served and failed to answer or otherwise plead, and Roadget asks the Court to enter Default and a Default Judgment.

## II.    Jurisdiction and Venue are Proper in this Court.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States. Specifically, Roadget has brought claims against Defaulting Defendants under 17 U.S.C. §§ 106 and 501. ECF No. 5, ¶ 16.

This Court has personal jurisdiction over Defaulting Defendants because, on information and belief, Defaulting Defendants target business activities toward consumers in the United States, including Illinois. Defaulting Defendants sell to Illinois residents and other United States

consumers by setting up and operating e-commerce stores through online platforms. Defaulting Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. Declaration of Taylor J. Wilson ("Wilson Decl.") ¶ 5. On information and belief, Defaulting Defendants have sold and continue to sell apparel bearing unauthorized copies of the Roadget Copyright to residents of Illinois. Defaulting Defendants have wrongfully injured Roadget in the state of Illinois. *Id.* at 6. Roadget presented the court with evidence that each Defaulting Defendant offered infringing products for sale to residents of the state of Illinois. ECF No. 10-2, ¶ 8.

Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defaulting Defendants reside or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defaulting Defendants are not residents of the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

**III.    Roadget has Met the Requirements for Entry of Default.**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On November 27, 2023, Roadget filed its Complaint alleging copyright infringement pursuant to 17 U.S.C. §§ 106 and 501 (Count 1). ECF No. 5. On December 5, 2023, this Court entered a TRO, which required third parties to provide Roadget with contact information for Defaulting Defendants and provided that Roadget could serve Defaulting Defendants through email delivery. ECF No. 12. Defaulting Defendants were properly served with the summons,

Complaint, and TRO on January 2, 2024, ECF No. 26, and February 29, 2024, ECF No. 59. It has now been more than 21 days since Defaulting Defendants were served. Despite having been served with process, no Defaulting Defendant has appeared, filed an answer or other pleading, or otherwise defended this action. Wilson Decl. at ¶ 3. On information and belief, Defaulting Defendants are neither minors nor incompetent persons, nor members of the U.S. armed forces. *Id.* at ¶ 4. Accordingly, Roadget asks for entry of Default against Defaulting Defendants.

### IV. Roadget has Met the Requirements for Entry of Default Judgment.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

Over twenty-one (21) days have passed since Defaulting Defendants were served, and no answer or other responsive pleading has been filed by any Defaulting Defendants identified in the Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and consistent with previous similar cases in this district. *See, e.g.,* Default Judgment Order, *Kate Louise Powell v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* No. 1:23-cv-00567 (N.D. Ill. Mar. 20, 2023), ECF No. 39. Roadget requests an award of statutory damages as authorized by 17 U.S.C. 504(c)(2) for willful copyright infringement. Roadget also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products,

4

and an order that all assets in Defaulting Defendants' financial accounts operated by any third party be transferred to Roadget in partial payment for the awarded statutory damages.

      **A.    The Court should enter a Judgment that Defaulting Defendants are Liable for Willful Copyright Infringement.**

To establish a claim for copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the works that are original. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). When a defendant has failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in plaintiff's complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008).

Here, Roadget owns the registered copyright in "Swag Bear," Registration No. VA 2-306-339 and Supplementary Registration Nos. VA 2-351-450 and VA 2-389-614. ECF No. 5, ¶¶ 12, 13; Wilson Decl. Ex. 1; *HyperQuest Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 381–83 (7th Cir. 2011) (explaining that the owner of a registered copyright may bring an action for copyright infringement).

Further, Defaulting Defendants have placed exact copies of the Roadget Copyright on products that they sold and offered for sale to citizens of Illinois, infringing Roadget's rights. ECF No. 5, ¶ 22; Wilson Decl. Ex. 2. Below is an example of the original Roadget Copyright next to one of the Defaulting Defendants' infringing products:

5

| Original Design | Infringing Product |
|---|---|
|  | |

Taking Roadget's allegations as true, Defaulting Defendants are liable for willful copyright infringement. Accordingly, Roadget requests entry of judgment with respect to Count I for willful copyright infringement against Defaulting Defendants.

**B.  Statutory Damages are Appropriate in this Case.**

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the use of a copyright infringement may elect to receive "not less than $750 or more than $30,000 as the court considers just." When the copyright infringement is found to be willful, statutory damages are allowed "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2); *see Monster Energy Co. v. Xianda Lin,* No. 1:16-cv-0622 (N.D. Ill. Mar. 14, 2016) ECF No. 51 at 10 (awarding $150,000 in statutory damages per defendant for willful copyright infringement). The lack of information regarding Defaulting Defendants' profits makes statutory damages particularly appropriate for default cases like this one. *CME Grp. Inc. v. Nagovskiy*, No. 1:19-cv-01621, 2019 WL 13252880, at *1, *3 (N.D. Ill. Sept. 27, 2019) (explaining that "statutory damages are particularly appropriate in this case because it is

6

impossible for [the plaintiff] to ascertain evidence of Defendants' actual profits since Defendants have not appeared" in deciding whether to award statutory damages under the Copyright Act); *see Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*, No. 03 C 4986, 2004 WL 2534378, at \*\*4–5 (N.D. Ill. Nov. 8, 2004) (applying the standard from *Chi-Boy Music v. Charlie Club, Inc,* 930 F.2d 1224 (7th Cir. 1991)). Statutory damages are frequently set at the stage of entering a default judgment without an evidentiary hearing, because the court has. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 03 C 4844, 2008 WL 1775512, at \*3 n.8 (N.D. Ill. Apr. 17, 2008) (collecting copyright infringement cases in which statutory damages were set without a hearing); *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence *when necessary* . . ." (emphasis added)).

In the Seventh Circuit, district courts have wide discretion in awarding statutory damages. *Chi-Boy Music*, 930 F.2d at 1229–30. Courts may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Id.* at 1229 (citation omitted). When applying these factors in copyright infringement cases, courts frequently rely on trademark infringement case law analyzing statutory damages in addition to copyright infringement case law, because both the Copyright Act and the Lanham Act "deal[] with a similar problem and a similar legislative grant of discretion." *See Lorillard Tobacco*, 2004 WL 2534378, at \*4 (citation omitted); *Monster Energy Co. v. Zheng Peng*, No. 17-cv-414, 2017 WL 4772769, at \*1, \*5–\*6 (N.D. Ill. Oct. 23, 2017) (setting statutory damages under both the Lanham Act and the Copyright Act using a single analysis). Where infringement is willful, courts may design the damages "to penalize the infringer and to deter future violations." *Chi-Boy*

*Music,* 930 F.2d at 1229–30. Infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003) (finding that "[w]illful blindness is knowledge, in copyright law").

### 1. The Willfulness of Defaulting Defendants' Infringement Supports the Requested Award.

Here, Defaulting Defendants' copies of the Roadget Copyright are not accidental approximations of the design, nor are they vaguely similar-looking designs. They are virtually identical across the board. *See* ECF No. 5, ¶ 22. Additionally, Defaulting Defendants had ready access to the Roadget Copyright because it was available on the internet and depicted on products sold by a Roadget affiliate. *Id.* at ¶ 21. Defaulting Defendants knew or should have known, from the fact that the Roadget Copyright was featured on products sold by Roadget's affiliates, that Roadget or its affiliates owned the rights in the work and that their copying of the design would constitute infringement. Roadget's allegations, taken as true at this stage, readily support the conclusion that Defaulting Defendants knowingly copied and pasted the Roadget Copyright onto their clothing and offered it for sale. Accordingly, Roadget's request for $30,000 per Defaulting Defendant for willful copyright infringement of Roadget's Copyright is appropriate. *See Lorillard Tobacco*, 2004 WL 2534378, at *6 ("A counterfeiter must fear more than just having to turn over his ill[-]gotten gains to the rightful owners. Instead, the counterfeit[er] must understand that he risks his financial future by engaging in his illegal practice.").

2. **The Harm to Roadget's Reputation and the Value of the SHEIN Brand and Roadget's efforts to Promote, Protect, and Enhance the Brand Justify the Requested Award.**

Further, the value of the SHEIN brand and the efforts that Roadget undertakes to protect, promote, and enhance the reputation of that brand, including through enforcing its copyrights, should be considered by the court. *See Lorillard Tobacco*, 2004 WL 2534378, at *6; *Pawson v. Archetype Ltd.*, No. 1:08-cv-1163, 2009 WL 10682433, at *1, *4 (C.D. Ill. Apr. 8, 2009) (considering reputational harm in setting the amount of damages). Roadget invests significant resources in promoting and building goodwill and brand recognition which includes its efforts to enforce its copyrights, as it has in this and other lawsuits. ECF No. 5, ¶ 11. The use of the Roadget Copyright by Defaulting Defendants significantly undermines Roadget's efforts, and diminishes the value of its brand and goodwill not only by diverting sales, but by creating the impression that the SHEIN brand is unoriginal. *See, e.g., Engel v. Wild Oats, Inc.,* 644 F. Supp. 1089, 1092 (S.D.N.Y. 1989) (considering harm to artistic reputation when setting statutory damages). Accordingly, the requested amount of statutory damages should be given favorable consideration in light of the reputational harm Roadget has suffered as a result of the infringement. *See Monster Energy Co. v. Jing*, No. 15 C 277, 2015 WL 4081288, at *4 (N.D. Ill. July 6, 2015) (noting the significant efforts in protecting its brand in determining statutory damages).

3. **The Requested Statutory Damages Award is Necessary to Deter Defaulting Defendants and Similar Online Infringers.**

The fact that infringing sales took place over the internet is frequently cited by courts in this district to support a higher award of statutory damages because use of the internet makes the infringement widespread. *Emoji Co. GmbH v. Individuals Identified on Schedule A Hereto,* No. 20-cv-04678, 2022 WL 4465593, at *6 (N.D. Ill. Sept. 26, 2022); *Luxottica USA LLC v. P'ships*

9

*& Unincorporated Ass'ns Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *3 (N.D. Ill. June 18, 2015). The need for deterrence and punishment for willful infringement is clearest in cases such as this, where Defaulting Defendants have used the internet to reach a vast audience for their infringement. INTERNET POL'Y TASK FORCE, DEP'T. OF COM., WHITE PAPER ON REMIXES, FIRST SALE, AND STATUTORY DAMAGES at 99 (Jan. 2016). Accordingly, a significant consideration should be whether infringing sales were made over the internet.

A finding of willful infringement is warranted along with an award of thirty thousand dollars ($30,000) in statutory damages. *See, e.g.,* Default Judgment Order, *Jonas Sebastian Jodicke v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:22-cv-04905 (N.D. Ill. Nov. 3, 2022), ECF No. 42 at 5 (granting award of $100,000 per Defendant); Default Judgment Order, *Laurie Prindle v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:22-cv-06154 (N.D. Ill. Jan. 20, 2023), ECF No. 57 at 4 (granting award of $100,000 per Defendant); Default Judgment Order, *Kate Louise Powell v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* No. 1:23-cv-00567 (N.D. Ill. Mar. 20, 2023), ECF No. 39 at 4 (granting award of $100,000 per Defendant). As the very existence of this lawsuit demonstrates, Roadget is seeing unprecedented, widespread, willful infringement of its copyrighted works, including the Roadget Copyright, by numerous sellers. An award of $30,000, which would be permissible even in the absence of a finding of willfulness, is reasonable given the clear willfulness Defaulting Defendants have demonstrated. This award of statutory damages is necessary to deter this infringement, punish infringers, and protect Roadget's significant investments in the SHEIN brand.

### C. Roadget is Entitled to Permanent Injunctive Relief.

In addition to the foregoing relief, Roadget respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating the Roadget Copyright, including at least all injunctive relief previously awarded by this Court to Roadget in the TRO. Roadget is also entitled to injunctive relief so it can take action against any new websites and online marketplace accounts that are identified, and found to be linked to Defaulting Defendants, and selling products infringing the Roadget Copyright. *See, e.g.*, *Yun Kyung Lee v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:23-cv-01540 (N.D. Ill. May 4, 2023), ECF No. 41; *Rafael Marcio Melillo Bastos v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:23-cv-04594 (N.D. Ill. Aug. 29, 2023), ECF No. 44.

### CONCLUSION

Roadget respectfully requests that the Court enter Default and Default Judgment against each Defaulting Defendant, award statutory damages in the amount of thirty thousand dollars ($30,000) per Defaulting Defendant pursuant to 17 U.S.C. 504(c)(2) and enter a permanent injunction order prohibiting Defaulting Defendants from infringing the Roadget Copyright and transferring all assets in Defaulting Defendants' financial accounts operated by Temu or AliExpress to Roadget, up to the amount of the requested statutory damages.

May 23, 2024 Respectfully submitted,

By: */s/ Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com

*Counsel for Plaintiff*
*Roadget Business Pte. Ltd.*