# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | CIVIL ACTION NO. 1:23-cv-16262<br><br>Judge: Hon. Jeffrey I. Cummings |

## DEFENDANT GUANGZHOU RETAIMEI TRADE CO., LTD DBA BROTHER FASHION'S ANSWER TO COMPLAINT

Defendant Guangzhou Retaimei Trade Co., Ltd. DBA Brother fashion (No. 19 in Schedule A) ("Defendant"), by and through undersigned counsel, answers the Complaint filed by Plaintiff Roadget Business Pte. Ltd ("Roadget", or "Plaintiff") as follows:

### INTRODUCTION

1. Defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 1 concerning Plaintiff's operations and therefore denies them. Defendant admits that it is an online seller who does business under the store name "Brother fashion". Defendant denies it has advertised, offered for sale, or sold clothes bearing an original copyrighted work owned by Plaintiff. Defendant denies that it operates in anonymity. Defendant

denies that it uses or has used an alias at any time to conceal its identity or the scope of its operation. Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2.

## **THE PARTIES**

3. Defendant lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 3 and therefore denies them.

4. Defendant admits that it is an individual residing in a foreign jurisdiction and operating an e-commerce store under the store name "Brother fashion" listed on Schedule "A" of the Complaint. Defendant admits that it is listed on Schedule "A" of the Complaint. Defendant admits that its e-commerce store is accessible from the United States, including from Illinois and this judicial district. Defendant admits that it has sold and continues to sell products to United States consumers, including in Illinois and this judicial district. Defendant denies that it has purposefully directed any of the foregoing activities to any specific state or region within the United States, including to Illinois and this judicial district.

## **JURISDICTION AND VENUE**

5. Defendant admits, to the extent Plaintiff's claims purport to arise under the copyright laws of the United States, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant denies that it has targeted business activities towards consumers in Illinois, specially or specifically. Defendant admits it has made its e-commerce store accessible to consumers within the United States. Defendant admits it sells to Illinois residents and other United States consumers through its e-commerce store and online platform. Defendant admits it offers shipping to the United States, including Illinois. Defendant admits it accepts payments in U.S.

dollars. Defendant denies it accepts payment directly from U.S. bank accounts. Defendant denies that it has sold or continues to sell apparel bearing unauthorized copies of Plaintiff's copyrighted works to residents of Illinois or anywhere else. Defendant denies it has injured Plaintiff in the state of Illinois or elsewhere.

7. Defendant denies the allegations in Paragraph 7.

## BACKGROUND

8. Defendant lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 8 and therefore denies them.

9. Defendant lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 9 and therefore denies them.

10. Defendant lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 10 and therefore denies them.

11. Defendant denies that the copyright Plaintiff asserts against Defendant in the Complaint (Copyright Registration Number VA 2-306-339 and Supplementary Registration Number Va 2-351-450, "Plaintiff's Asserted Copyright") contains an original work owned by or properly registered or enforceable by Plaintiff. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 11 and therefore denies them.

12. Defendant denies that Plaintiff's Asserted Copyright contains an original work owned by or properly registered or enforceable by Plaintiff. The remaining allegations are not asserted against Defendant. To the extent that a response is required, Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 12 and therefore denies them.

13. Defendant admits that the cited website address in Paragraph 13 of the Complaint appears to direct to an archived page from the SHEIN website that includes a product using Plaintiff's Asserted Copyright. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 13 and therefore denies them.

14. Defendant admits it is an online seller with listings on Temu. Defendant denies that it has deliberately or otherwise unlawfully copied, displayed, or sold apparel bearing images that are subject to any valid and enforceable copyright owned by Plaintiff. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 14 and therefore denies them.

15. Defendant denies the allegations in Paragraph 15.

## COUNT I

16. Defendant incorporates each of the preceding paragraphs as if fully set forth herein.

17. Defendant lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 17 and therefore denies them.

18. Defendant lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 18 and therefore denies them.

19. Defendant denies that it requires a license or other rights to use Plaintiff's Asserted Copyright. Defendant denies that Plaintiff's Asserted Copyright is valid and enforceable. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 19 and therefore denies them.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies that it copied Plaintiff's Asserted Copyright. Defendant admits it can access the internet generally. Defendant denies that it has or had "access" to Plaintiff's

Asserted Copyright in a manner relevant to a claim for copyright infringement simply by virtue of the existence of SHEIN's website on the internet. Defendant denies the legal suggestion and/or conclusion in Paragraph 21 of the Complaint that the mere ability to reach an internet website constitutes "access" necessary to support a claim of copying by Defendant. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations contained in Paragraph 21 and therefore denies them.

22. Defendant admits that it has been accused of selling a product listed in Schedule A to the Complaint. Defendant denies that Plaintiff's Asserted Copyright is valid and enforceable, and Defendant denies it has committed copyright infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore denies them.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

## PRAYER FOR RELIEF

Plaintiff's "Prayer for Relief" and Paragraphs 1–7 therein constitute a prayer for relief to which no response is required. To the extent there are any allegations of factual or legal entitlement to the requested relief, Defendant denies all such allegations. Plaintiff is not entitled to any relief on its Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff has misused its copyright by seeking sealed *ex parte* relief based on numerous false premises and insisting on disproportionate relief by way of an indiscriminate asset freeze regardless of the amount of sales at issue.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred by 17 U.S.C. § 412 from claiming statutory damages or attorney's fees under the Copyright Act to the extent any alleged acts of infringement occurred before the effective date of registration of Plaintiff's alleged work.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff has committed fraud on the Copyright Office in obtaining its Asserted Copyright, which is consequently invalid. Specifically, Plaintiff knowingly made false ownership claims in its applications for its Asserted Copyright in order to obtain registration. On June 3, 2022, in the underlying basic registration application, Plaintiff knowingly and inaccurately stated that it was both the "author" and "claimant" of the work. On June 13, 2023, Roadget then applied for the Supplementary Registration "correcting [the] author from Roadget Business Pte. Ltd. to Guangzhou Shein Import Export International Co. Ltd." However, in the Supplementary Registration application, Roadget knowingly misrepresented that it obtained ownership rights to the Swag Bear work by "transfer" through a "written agreement" with the author. At that time, Roadget had not entered into a written agreement to transfer the rights to Roadget, which was not entered into until a month later on July 13, 2023, and Roadget was not otherwise the valid owner of the work. The Copyright Office

would not have issued Plaintiff's Asserted Copyright had it been aware that Plaintiff was not the owner.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury as to all issues so triable.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice; that judgement be entered in favor of Defendant against Plaintiff; that Plaintiff be denied all relief requested in the Complaint; that Plaintiff be ordered to pay the costs of this action and, to the extent authorized by law, to reimburse Defendant for its attorneys' fees and expense of litigation; and for such other and further relief as this Court deems just and proper.

Dated: June 12, 2024

Respectfully submitted,

/s/ *William W. Flachsbart*
William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave.; Suite 2700
Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501
wflachsbart@dbllawyers.com

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St.; Suite 2100
Chicago, IL 60601
T: 312-558-1369
F: 312-614-1873
christopher@archlakelaw.com

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, TX 77042
T: 346-335-9870
F: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendant Guangzhou Retaimei Trade Co., Ltd. DBA Brother fashion*