# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No.: 1:23-cv-16262 <br><br> **Judge Jeffrey I. Cummings** |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL INFORMATION**

Defendants appear to have dispensed with the process of referral under § 411(b) of questions to the United States Copyright Office, and have instead emailed questions directly to the Copyright Office themselves. No process allows an infringer to contact the Copyright Office directly to ask for an opinion on the registration of a copyright it has infringed. Moreover, Defendants' questions rely on a baseless assumption: that the Copyright Office would not have granted Roadget's supplementary registration had it known litigation and a § 411(b) motion were pending. In fact, the Copyright Office frequently grants supplementary registrations mid-litigation, as it has done here. And courts frequently conclude that referral of questions to the Copyright Office is unnecessary because the questions have already been answered by the grant of a supplementary registration. This Court should do the same.

## **BACKGROUND**

Roadget initiated this copyright infringement action against Defendants, who had copied and pasted its registered copyrighted design, "Swag Bear," onto clothing they offered for sale online. *See* Sealed Compl., Dkt. 5. The copyright registration for "Swag Bear" included an inadvertent error: the owner was designated as Roadget, but at the time of registration, ownership had not yet been transferred from Roadget's affiliate Guangzhou Shein to Roadget. Dkt. 67, at 1. Defendants asked the Court to refer a question to the Copyright Office under § 411(b) to determine whether the Copyright Office would have granted the registration had it known of the error. Dkt. 62. Meanwhile, Roadget applied for supplementary registration with the Copyright Office to correct the error. Dkt. 77. The office granted the supplementary registration, which Roadget then filed with the Court, along with an unopposed motion for leave to file supplemental information. *Id.* This Court granted Roadget's motion, Dkt. 78, but Defendants nevertheless responded, Dkt. 80. Defendants' response revealed they circumvented the referral process by contacting the Copyright Office directly by email to ask (1) whether it knew of the pending

§ 411(b) referral motion, and (2) if not, whether it would have granted the supplementary registration had it known. Dkt. 80.

## ARGUMENT

I. **Defendants Sent Questions Directly to the Copyright Office, Improperly Circumventing the Referral Process.**

Defendants improperly circumvented the referral process by emailing the Copyright Office directly to ask questions about a copyright they do not own. *See* Dkt. 80, at 5 n.3. No process exists for such contact. Rather, the Copyright Office is clear that it does *not* address such inquiries: "The Office does not conduct interference or adversarial proceedings. Likewise, the Office does not adjudicate factual or legal disputes involving claims to copyright. If there is a dispute between two or more parties, it is the responsibility of each party to pursue their claims in an appropriate court." U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 1808 (3d ed. 2021). That is why the Copyright Office has no email address for questions of this sort. Defendants have emailed 411filings@copyright.gov, which is the email address designated for (1) copyright applicants to send notice of actions under § 411(a), or (2) courts to refer questions to the Copyright Office under § 411(b). *See* https://copyright.gov/about/addresses.html. There is no provision for non-claimant parties to contact the Copyright Office directly to ask questions about a copyright, and Defendants do not purport to be claimants. Defendants' correspondence is an improper end-run around the referral process.

II. **The Copyright Office Properly Granted the Supplementary Registration.**

Defendants claim the Copyright Office must not have known about pending litigation, because if it had, it would have refused the supplementary registration. Dkt. 80, at 4. They are wrong. There is nothing improper, or even uncommon, about the Copyright Office granting

Roadget's supplementary registration while litigation is pending. The office has no express policy of declining to issue supplementary registrations mid-litigation. On the contrary, the Compendium states the Copyright Office "*may* decline to issue a supplementary registration *if it seems likely* that the proposed change would be directly at issue in the litigation." COMPENDIUM (THIRD) § 1802.9(G) (emphases added).

In practice, supplementary registrations are frequently granted mid-litigation, even when the Copyright Office has been informed of the litigation. These do not just fix spelling errors; they often fix errors in ownership, authorship, scope of the material copyrighted, etc. For example, in *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 854 (9th Cir. 2012), the plaintiff discovered after litigation had commenced that the registration incorrectly included two published designs in an unpublished collection. It explained the error to the Copyright Office and submitted an application for supplementary registration, which the office granted. *Id.* In *FenF, LLC v. Groupon, Inc.*, No. 19-12278, 2021 WL 8650619, at *2 (E.D. Mich. Mar. 29, 2021), the Copyright Office granted a supplementary registration even after having been informed of pending litigation, correcting the copyright designation from "work made for hire" to "transferred by written agreement." And in *Goode Time Productions, L.L.C. v. Just*, No. 4:19-CV-58-SDJ, 2020 WL 5518098, at *3 (E.D. Tex. Sept. 14, 2020), the Copyright Office granted a supplementary registration correcting authorship and date of completion after litigation had already commenced.[1]

---

[1] These are not isolated examples. *See also, e.g.*, *Kluber Skahan & Assocs., Inc. v. Cordogan, Clark & Assoc., Inc.*, No. 08-CV-1529, 2009 WL 466812, at *6 (N.D. Ill. Feb. 25, 2009) (mid-litigation supplement correcting the "nature of authorship" and "nature of this work"); *Covetrus Inc. v. Actian Corp.*, No. 2:21-CV-00097-LEW, 2022 WL 17417289, at *2 (D. Me. Dec. 2, 2022) (correcting the title, publication date, publication status, and year of completion); *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 3:17-CV-42, 2019 WL 4647305, at *7 (S.D. Ohio Sept. 24, 2019) (correcting the company name); *Suzhou Angela Online Game Tech. Co. v. Snail Games USA Inc.*, No. 2:21-CV-09552-CAS-SKx, 2023 WL 2414261, at *2 (C.D. Cal. Mar. 7, 2023) (correcting the designation as a derivative work); *Unicolors, Inc. v. Urb. Outfitters, Inc.*, No. CV 14-01029 SJO (VBKx), 2015 WL

Defendants imply Roadget somehow improperly withheld information from the Copyright Office, but there is no field on the application asking whether litigation is pending, and no law or regulation obligates proactively providing that information. *See Freeplay*, 2019 WL 4647305, at *7 (rejecting the defendant's argument that the Copyright Office had not been informed of pending litigation, since "[n]either the Copyright Compendium nor 17 U.S.C. § 410 imposes an express duty on the copyright holder to notify the Copyright Office of pending litigation when filing a supplemental registration.").[2] And, in fact, the Copyright Office *is* already aware of this matter—the Clerk of this Court notified the Register of Copyrights of this action on December 21, 2023 as required by 17 U.S.C. § 508. *See* Dkt. 20. The office still granted the supplementary registration.

And it stands to reason that the supplementary registration was granted, because nothing about the requested change is "directly at issue" in this litigation. The error, since corrected, was that Roadget instead of its affiliate Guangzhou Shein was designated as the owner of the copyright when assignment had not yet been effected at the time of registration. There is no ownership dispute in this litigation. All parties agree Guangzhou Shein was the copyright owner at the time of registration and Roadget is the current owner. The supplemented registration now reflects that reality. Defendants do not contest ownership, and they certainly do not claim ownership. They merely seek reasons to cast doubt on the copyright's validity, in order to delay the resolution of these proceedings and avoid liability.

---

12733470, at *4 (C.D. Cal. Feb. 17, 2015) (correcting the identification of a "preexisting work" to an "excluded work"), *aff'd*, 853 F.3d 980 (9th Cir. 2017).

[2] Nor did Roadget have a duty to inform Defendants or this Court of its pending application for supplementary registration before it was granted, or to disclose documents prior to discovery, whatever Defendants imply. *See Covetrus*, 2022 WL 17417289, at *2 ("Plaintiffs contend . . . there is something underhanded about Defendant's effort to supplement . . . [but] there does not appear to be anything underhanded about it."). The application was not prosecuted "secretly." Dkt. 80, at 1. Due to travel, counsel for Roadget delayed three business days in conferring with Defendants' counsel on their motion for referral, and conferred promptly on his return.

Roadget promptly moved to correct its inadvertent error with the Copyright Office, and the office properly granted a supplementary registration. Defendants' attempt to second-guess the office's decision fails.

### III. Referral Under § 411(b) Is Unnecessary, Since the Supplementary Registration Shows the Copyright Office Would Not Have Refused the Registration.

The original question for referral to the Copyright Office is whether the Register would have refused Roadget's registrations had it known about the inadvertent error in designating ownership. *See* Dkt. 62-1. That question has been answered by the grant of the supplementary registration: the Register would not have refused the registrations. "This Court need not engage in the type of guesswork § 411(b) was intended to prevent." *Freeplay*, 2019 WL 4647305, at *10. This Court should therefore deny the motion for referral.

When the Copyright Office grants a supplementary registration mid-case correcting an error, courts frequently decline to refer a question to the Copyright Office about the error, concluding that the supplementary registration itself answers the question. *See, e.g.*, *FenF*, 2021 WL 8650619, at *8 (concluding that "the Copyright Office's recent approval of the Supplementary Registration makes clear that referral . . . would only unnecessarily delay this infringement action with no benefit") (internal quotation marks omitted); *Freeplay*, 2019 WL 4647305, at *10; *Goode Time*, 2020 WL 5518098, at *3; *Ronaldo Designer Jewelry, Inc. v. Cox*, No. 1:17-CV-2-DMB-DAS, 2019 WL 3978414, at *4 (N.D. Miss. Aug. 22, 2019).

Defendants claim "courts strongly disfavor" supplements directly at issue in litigation. Dkt. 80, at 1. This mischaracterizes the law. Far from disfavoring them, "courts regularly accept mid-litigation supplemental registrations." *Suzhou Angela Online Game Tech. Co.*, 2023 WL 2414261, at *6. In the case Defendants cite for the contrary proposition, the court declined to *compel* the Copyright Office to issue a supplementary registration when it had refused, which is

a different question entirely. *See Michael Pellis Architecture PLC v. M.L. Bell Constr. LLC*, No. 3:22-cv-470, 2023 WL 6222623, at *5 (E.D. Va. Sept. 22, 2023).

In *L.A. Printex*, 676 F.3d at 854, the Ninth Circuit noted specifically that the grant of a supplementary registration proved the error was not one that, under § 411(b), "if known, would have caused the Register of Copyrights to refuse registration." Just as in *L.A. Printex*, here, Roadget explained the circumstances behind the error to the Copyright Office in its supplementary registration application, which the office then granted. *See* Dkt. 67. This Court should find § 411(b) referral unnecessary.

## **CONCLUSION**

Defendants' response to an unopposed motion that has already been granted is unhelpful and reveals improper direct outreach to the Copyright Office. They attempt to make much of an inadvertent error in the registration certificate. But the error has already been resolved, and it is clear the Copyright Office has no issue with the validity of the certificate. Their response should be disregarded and their motion for referral to the Register of Copyrights denied.

Dated: June 14, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Steven J. Horowitz*
　　　　　　　　　　　　　　　　　　　　　Steven J. Horowitz
　　　　　　　　　　　　　　　　　　　　　Matthew D. Binder
　　　　　　　　　　　　　　　　　　　　　Deepa A. Chari
　　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　　One South Dearborn Street
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　　　(312) 853-7000
　　　　　　　　　　　　　　　　　　　　　shorowitz@sidley.com
　　　　　　　　　　　　　　　　　　　　　mbinder@sidley.com
　　　　　　　　　　　　　　　　　　　　　dchari@sidley.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Roadget Business Pte. Ltd.*