# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | **CIVIL ACTION NO. 1:23-cv-16262**<br><br>Judge: Hon. Jeffrey I. Cummings |

**DEFENDANTS' UNOPPOSED MOTION FOR JOINDER
TO MOTION FOR REFERRAL
TO THE REGISTER OF COPYRIGHTS UNDER 17 U.S.C. § 411(b)(2)**

Defendant No. 19 listed on Schedule A ("**Joining Defendant**")[1] moves this Court for leave to join in the motion filed by Defendant Nos. 10 and 17 ("**Moving Defendants**") for Referral to the Copyright Office under 17 U.S.C. § 411(b)(1) ("**Referral Motion**"). *See* ECF No. 62. Plaintiff does not oppose the instant motion for joinder.

In this Schedule A action, all 33 Defendants are accused of infringing on the same copyright allegedly owned by Plaintiff Roadget Business Pte. Ltd. ("**Roadget**"). S*ee* ECF No. 5 at ¶¶ 12–15. All of these allegations are predicated on infringement of a single creative work: an image of a teddy bear performing a dabbing gesture titled "Swag Bear." *Id.* at ¶ 15. Roadget claims to own a copyright registration for this work, VA-2-306-339, as well as a supplementary registration, VA 2-351-450 ("Asserted Copyright Registrations"). *Id.* at ¶ 12.

However, Moving Defendants have raised serious concerns as to statements Roadget made in the prosecution of Roadget's Asserted Copyright Registrations that require answers from the Copyright Office. Specifically, Moving Defendants have identified that Roadget falsely claimed to be both the owner and the author in the original application for its Asserted Copyright Registrations. *See* ECF No. 63 at 2. Worse, Roadget then applied for a supplemental registration – presumably to correct the ownership error – and "falsely told the Copyright Office that it was the owner of the Swag Bear copyright by a 'written agreement' . . . [;] [y]et the alleged 'written agreement' did not exist. *Id.* As cited by Moving Defendants, "[i]n any case in which inaccurate information described under [section 411(b)(1)] is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). Based on these facts

---

[1] **Defendant No. 19** (Guangzhou Retaimei Trade Co., Ltd. DBA Brother fashion)

1

and authorities, Moving Defendants request referral to the Register of Copyrights in the Referral Motion.

Courts in this District generally permit parties to join in pending motions where the moving party and the joining party are identically situated as it relates to the issues briefed in the motion, such that no additional factual development or briefing is required. *See Morgan v. Nat'l R.R. Passenger Corp.*, No. 18-cv-3379, 2019 WL 414714, at *5 (N.D. Ill. Feb. 1, 2019) (permitting Amtrak to join in State Farm's motion to dismiss the plaintiff's claim charging both companies with conspiring to violate the plaintiff's constitutional rights); *see also Jones v. Gonzalez*, No. 22-cv-1333, 2023 WL 4549508, at *4 (N.D. Ill. July 14, 2023) (permitting joinder for similar reasons, and adding it would not "add any extra work for anybody."). Here, the defendants in this action are identically situated as it relates to Roadget's Asserted Copyright Registrations. Specifically, Roadget has accused all defendants in this matter of infringing the rights embodied in its Asserted Copyright Registrations. S*ee* ECF No. 5 at ¶¶ 12– 15. The statements Roadget made and the false information it provided to the Copyright Office in prosecuting these registrations are facts agnostic to the defendant against which Roadget attempts to assert its Asserted Copyright Registrations. No further factual development or briefing is required for Joining Defendant to join in the Referral Motion.

Therefore, Joining Defendant requests that it be permitted to join the Referral Motion, and adopt in full the briefing therein.

Dated: June 20, 2024                                    Respectfully submitted,

/s/Christopher J. Fahy
Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St.; Suite 2100
Chicago, IL 60601
T: 312-558-1369

2

F: 312-614-1873
christopher@archlakelaw.com


Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, TX 77042
T: 346-335-9870
F: 312-614-1873
haoyichen@archlakelaw.com


William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave.; Suite 2700
Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501
wflachsbart@dbllawyers.com
*Counsel for Joining Defendant*