IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO<br><br>Defendants. | CIVIL ACTION NO. 1:23-cv-16262<br><br>Judge: Hon. Jeffrey I. Cummings |

**DEFENDANTS' MOTION FOR LEAVE
TO FILE SUPPLEMENTAL INFORMATION**

Defendants move for leave to submit new evidence obtained yesterday, June 26, 2024, that is material to the issues raised in Defendants' motion for referral under 17 U.S.C. § 411(b)(2) and related briefing. *See* ECF Nos. 63, 67, 70, 77, 80, 90-1. After Roadget submitted the second Swag Bear supplementary registration to the Court (ECF No. 77), Defendants requested that Roadget produce its correspondence with the U.S. Copyright Office (USCO). Roadget refused. Therefore, Defendants requested the correspondence directly from the USCO. Yesterday, June 26, 2024, the USCO produced the prosecution file to Defendants. While Defendants are mindful of the Court's admonition regarding the close of briefing on the § 411(b)(2) referral motion "unless otherwise ordered by the Court" (ECF No. 95), Defendants believe this new evidence—which was not previously available to Defendants before yesterday—warrants supplementing the record. Defendants therefore respectfully request that the Court grant leave to supplement the record.

Defendants have conferred with Plaintiff, and Plaintiff opposes this supplement. Plaintiff's position is that the motion should be denied without briefing in light of the Court's June 20 order that "[n]o further briefing will be accepted on the parties' pending motions unless otherwise ordered by the Court." (ECF No. 95). If the Court considers the motion, Plaintiff requests two weeks for a response and one week for a reply.

The new evidence (enclosed as Exhibit A hereto) reveals that in response to Roadget's second supplementary application, the USCO emailed Roadget's counsel (Sidley Austin) stating that the "explanation" Roadget provided for the supplement was "not an appropriate explanation, especially in the light of this being the second supplementary registration," and therefore, the USCO requested Roadget to explain "***the circumstance that found the error***" in the prior supplementary registration. *See* Exhibit A, USCO email on March 8, 2024 (emphasis added). Of course, "the circumstance that found the error" is the fact that Defendants had earlier raised the error as a false claim under the pending § 411(b)(2) referral motion. Despite this, Roadget's response to the USCO's email—the Yee Declaration (ECF No. 77-2)—notably withheld that "the circumstance that found the error" was the fact that it had been raised in the pending § 411(b)(2) referral motion, and Roadget did not even mention the pending litigation at all.

This new evidence raises doubts as to Roadget's argument that it did not have an obligation (or the practical ability) to provide complete and truthful information regarding the reason for seeking the supplement (*i.e.*, that it was a reactionary supplement to the pending § 411(b)(2) motion) when it was clear that the USCO was asking for this information. *See* ECF No. 90-1 at 4 (Roadget's reply: "Defendants imply Roadget somehow improperly withheld information from the Copyright Office, but there is no field on the application asking whether litigation is pending, and no law or regulation obligates proactively providing that information."). Surely there is an

obligation to answer truthfully and completely in response to a direct question by a federal agency, especially where the complete and truthful answer would have implicated the USCO's consideration of its non-interference policy at Compendium § 1802.9(G). The Court should grant the instant motion and issue the "Revised Proposed" referral submitted with ECF No. 80.

Dated: June 27, 2024

Respectfully Submitted,

*/s/ William W. Flachsbart*

William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

Haoyi Chen
*Pro hac vice forthcoming*
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*