## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROADGET BUSINESS PTE. LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 23 CV 16262** |
| | ) | |
| **THE INDIVIDUALS,** | ) | **Judge Jeffrey I. Cummings** |
| **CORPORATIONS, LIMITED** | ) | |
| **LIABILITY COMPANIES,** | ) | |
| **PARTNERSHIPS, AND** | ) | |
| **UNINCORPORATED** | ) | |
| **ASSOCIATIONS IDENTIFIED ON** | ) | |
| **SCHEDULE A HERETO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roadget Business PTE. LTD ("Roadget") initiated this action against the thirty-three entities listed in Schedule A to its complaint alleging that they engaged in copyright infringement with respect to its "Swag Bear" image. The Swag Bear is an image of a fuzzy bear wearing athletic gear and doing a distinctive pose. (Dckt. #5 at 12). Defendant nos. 1, 2, 4, 6, 7, 11, 18, 20, 22, 26, 28, 29 (unless otherwise noted, these moving defendants will be referenced as "defendants") now move to dismiss this action or, in the alternative, to sever for improper joinder.[1] For the reasons set forth below, defendants' motion to dismiss, (Dckt. #49), is granted in part and denied in part.

---

[1] Defendants nos. 3, 5, 8, 10, 12, 14, 17, 23, 24, 25 also initially joined in the motion to dismiss, but have since been voluntarily dismissed by plaintiff, along with defendant nos. 9, 13, and 21. (*See* Dckt. ##69, 75, 79, 87, 91, 94, & 99). Defendant no. 19 has filed an answer to the complaint. (Dckt. #89). As far as the Court can gather – and notwithstanding what may have been an initial inadvertent appearance on behalf of no. 16, (*see* Dckt. #32) – defendants nos. 15, 16, 21, 27, 30, 31, 32, 33 have not appeared in this matter or joined in the motion to dismiss, nor have they been voluntarily dismissed as of the date of this

## I.    BACKGROUND

Roadget owns the popular online fashion and lifestyle retailer SHEIN.  (Dckt. #5 at ¶1).

In connection with its business, Roadget has registered numerous copyrights to protect its

original designs, including – relevant to this case – its "Swag Bear" design.  (*Id.* at ¶¶11-12).  On

November 27, 2023, plaintiff filed this action for copyright infringement against thirty-three

online sellers (twenty-nine of which sell on Temu), for selling clothing products "bearing images

virtually identical to Roadget's copyrighted Swag Bear."  (*Id*. at ¶14).  In its one count

complaint, plaintiff seeks "compensatory and exemplary damages" or, in the alternative, the

"maximum amount of statutory damages provided by law, $150,000 per work infringed."  (*Id*. at

8).

As is often the case in "Schedule A" cases such as this one, plaintiff accompanied its

complaint with an *ex parte* motion for temporary restraining order ("TRO").  (Dckt. #9).  On

December 5, 2023, the Court granted plaintiff's motion and entered a TRO as to all thirty-three

defendants, which included an asset freeze.  (Dckt. ##11, 12).  In doing so, the Court authorized

plaintiff to serve notice of this action "by electronically publishing a link to the Complaint, [the

TRO], and other relevant documents on a website and by sending an e-mail with a link to said

website to any e-mail addresses provided for Defendants by third parties."  (Dckt. #12).  Plaintiff

subsequently filed a certification of such service.  (Dckt. #26).

Upon the filing of plaintiff's motion for preliminary injunction, the Court extended the

TRO "to and including the date upon which the Court adjudicates the motion for a preliminary

injunction."  (Dckt. #25); *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843-

45 (7th Cir. 2012).  Because the extension exceeded the maximum duration for a TRO under

_____

order.  Plaintiff has filed a motion for default as to defendants nos. 30–33, but not as to the remaining
non-appearing defendants.  (Dckt. #82).

Fed. R. Civ. P. 65(b), the TRO became "in effect a preliminary injunction that is appealable, but the order remains effective." *H-D Mich.,* 694 F.3d at 844. Subsequently, by agreement, the Court modified the asset freeze of the TRO with respect to defendants to include a freeze only of the gross sales revenue for each defendant. (Dckt. ##60, 61). On December 28, 2023, plaintiff filed a motion for preliminary injunction, after which defendants appeared through counsel and objected to the motion. (Dckt. #38). Defendants' motion to dismiss, (Dckt. #49), – among other motions – was filed shortly thereafter, has been extensively briefed, (*see* Dckt. ##50, 65, 66, 72, 73, 76, 88), and is ripe for resolution.

## II.    ANALYSIS

Defendants seek to dismiss this action for several reasons. First, defendant no. 28 ("liushixiongdi") argues that the Court lacks personal jurisdiction over it because it has not sold any of the accused products in Illinois. Second, defendants argue that plaintiff's claims against all defendants should be severed into separate actions for improper joinder or, at a minimum, the Court should require plaintiff to show cause as to why defendants may be joined. Finally, defendants take issue with plaintiff's claim for damages, arguing that plaintiff failed to plead sufficient facts to supports its claim for enhanced statutory damages.[2]

The Court addresses each argument in turn, beginning with whether it may exercise personal jurisdiction over defendant no. 28.

---

[2] Defendants raised two additional arguments in their motion to dismiss, namely that: (1) plaintiff failed to properly serve certain defendants; and (2) that plaintiff failed to allege facts sufficient to establish ownership over the Swag Bear copyright. In their reply brief, defendants withdrew the argument regarding service and the argument regarding copyright ownership, which they instead raised separately in the motion for referral to the register of copyrights under 17 U.S.C. §411(b)(2). (Dckt. #62).

### A. Defendants' motion is granted with respect to defendant no. 28 for lack of personal jurisdiction.

Defendant no. 28 seeks dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) because it has not sold any of the accused products in Illinois. Plaintiff responds that it has made a *prima facie* case for personal jurisdiction to defeat a motion to dismiss under 12(b)(2) and, even if it did not, that the Court can exercise personal jurisdiction under Rule 4(k)(2). Respectfully, the Court disagrees on both scores.

### 1. Standard Under Rule (12)(b)(2)

"The plaintiff need not include facts alleging personal jurisdiction in the complaint, but 'once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction.'" *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020), *quoting Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). Where, as here, "the Court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction." *MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 267 F.Supp.3d 1000, 1010 (N.D.Ill. 2017).

In determining whether plaintiff has made such a showing, the Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (cleaned up). However, if the "defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. The Court "will accept as true any facts in the defendants' affidavits that do not conflict

with anything in the record," but will resolve any "factual conflict" in favor of the plaintiff. *Curry*, 949 F.3d 385 at 393.

### 2. Plaintiff has failed to make a *prima facie* showing that the Court may exercise specific personal jurisdiction over defendant no. 28.

In a federal question case such as this, the Court may exercise "personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Curry*, 949 F.3d at 393, *quoting Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Because the Copyright Act does not authorize nationwide service of process, the Court may exercise personal jurisdiction over defendant no. 28 "only if authorized both by the United States Constitution and Illinois law." *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23 C 17036, 2024 WL 1858592, at *3 (N.D.Ill. Apr. 29, 2024). "The Illinois long-arm statute, in turn, permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States," *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011), and, therefore, "the state statutory and federal constitutional inquiries merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

Under the Due Process Clause of the Constitution, the Court may exercise personal jurisdiction where the defendant has "minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021) (cleaned up); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be general or – at issue here –

5

specific.[3] *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). To determine if the Court may exercise specific personal jurisdiction over a defendant, the Court must consider whether "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d 69 at 702. "And importantly, 'the question of personal jurisdiction hinges on the defendant's – not the plaintiff's – contacts with the forum state.'" *Roadget*, 2024 WL 1858592, at *3, *quoting North v. Ubiquity*, Inc., 72 F.4th 221, 225 (7th Cir. 2023).

Here, with respect to personal jurisdiction, plaintiff alleged in its complaint as follows:

This Court has personal jurisdiction over Defendants because, on information and belief, Defendants target business activities toward consumers in the United States, including Illinois. Defendants sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. On information and belief, Defendants have sold and continue to sell apparel bearing unauthorized copies of the copyrighted Swag Bear design to residents of Illinois. Defendants have wrongfully injured Roadget in the state of Illinois.

(Dckt. #5 at 2–3). In support of the motion to dismiss, defendant no. 28 submitted the sworn declaration of Liu Saijun, the operator of the online storefront, which stated as follows:

4.      After a review of sales records maintained by the Enterprise, and to the best of my knowledge and belief, the Store has not sold or shipped any units of the Accused Product to anyone in Illinois. Sales of the Accused Product were discontinued on December 15, 2023, with the issuance of the TRO.

5.      The Enterprise has not engaged in any targeted advertising or promotions of the Accused Product to residents of Illinois.

6.      The Enterprise does not have any bank accounts, office facilities, operations, employees, agents, or inventory in Illinois.

---

[3] Neither party has asserted that the Court has general personal jurisdiction over defendant no. 28, which would require a showing of "continuous and systematic general business contacts" with the forum state. *Purdue*, 338 F.3d at 787.

(Dckt. #50-6 at 3).

In response, plaintiff failed to submit any affirmative evidence outside the pleadings – or its own speculation – to refute defendant no. 28's sworn statement that it has not sold the accused products in Illinois, targeted advertising of the accused products in Illinois, or otherwise maintained business operations in Illinois.  Having failed to do so, plaintiff has fallen short of making the requisite *prima facie* showing that this Court has specific personal jurisdiction over defendant no. 28.

Based on the unrefuted evidence before the Court, defendant no. 28 has done nothing more than *offer* its products for sale to residents of Illinois through its website – which is patently insufficient.  *See, e.g., Vortex, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 22 CV 4189, 2023 WL 7386059, at *4 (N.D.Ill. Nov. 8, 2023) (finding that defendants' "offers to sell products via the internet, including in Illinois, is insufficient to establish personal jurisdiction" over defendants where no infringing products had been sold in Illinois)*; MSM Design & Eng'g LLC v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, No. 20-CV-00121, 2021 WL 3187706, at *3 (N.D.Ill. July 28, 2021) (no personal jurisdiction over a defendant where its only contact with the forum state was that its "online marketplace was available to view to customers who live in this state."); *HS Wholesale Ltd. v. HS Glob. Distribution, LLC*, No. 23 C 7942, 2024 WL 774910, at *4 (N.D.Ill. Feb. 26, 2024) ("[B]ecause HS Global did not target Illinois, sufficient minimum contacts with this forum do not exist to support the exercise of jurisdiction over HS Global"); *see also Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 C 3139, 2024 WL 4132433, at *3 (N.D.Ill. Sept. 9,

2024) ("Without any evidence of a connection to Illinois, then, the Court cannot exercise specific personal jurisdiction over [defendants]"); *Roadget*, 2024 WL 1858592, at *3 (same).[4]

### 3. The Court does not have personal jurisdiction over defendant no. 28 pursuant to Rule 4(k)(2).

In response to the motion to dismiss, plaintiff did assert – for the first time – that the Court can exercise jurisdiction over defendant no. 28 under Federal Rule of Civil Procedure 4(k)(2). Rule 4(k)(2) "has sometimes been described as functioning as a sort of federal long-arm statute." *Shenzhen Wanfan Tech. Co. v. Orbital Structures Pty Ltd.,* No. 23-CV-02330, 2024 WL 325339, at *4 (N.D. Ill. Jan. 29, 2024) (cleaned up). The Rule serves "to cover [defendants] who do not reside in the United States . . . have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). To exercise jurisdiction under Rule 4(k)(2), the following conditions must be met: "(1) the plaintiff's claims must be based on federal law; (2) no state could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

---

[4] Plaintiff's request for jurisdictional discovery with respect to defendant no. 28 is denied. Not only did this request come months after the case was filed but – as defendant argues – a "plaintiff must establish a colorable showing of personal jurisdiction before a court permits jurisdictional discovery" and a showing "based on conjecture" is insufficient to make such a showing. *Viahart LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 19 CV 8181, 2022 WL 1004412, at *3 (N.D.Ill. Apr. 4, 2022); *see also Medline Indus., Inc. v. Diversey, Inc.*, No. 20 C 4424, 2020 WL 5763637, at *4 (N.D.Ill. Sept. 28, 2020) ("Generally, courts grant jurisdictional discovery if the factual record is ambiguous or unclear on the issue . . . but when a lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted.").

Although plaintiff's claims are brought under a federal law (the Copyright Act), plaintiff's effort to establish jurisdiction under Rule 4(k)(2) fails because the record does not establish that *no* state could exercise jurisdiction over the defendant. To be clear, "the Seventh Circuit has declined to require a plaintiff to prove that the defendant cannot be subject to the jurisdiction of any state." *Shenzhen Wanfan*, 2024 WL 325339, at *5 (citing *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)). Instead, a "[d]efendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there (personal jurisdiction, unlike federal subject-matter jurisdiction, is waivable)." *ISI Int'l*, 256 F.3d at 552. "Following this, courts have found that simply identifying another state is sufficient because doing so amounts to waiver of personal jurisdiction in that state." *Roadget*, 2024 WL 4132433, at *4 (citing cases).

Here, defendant no. 28 admits that it has "made at least one" sale to someone in Tennessee and, as a result, it concedes to and consents to jurisdiction in that state.[5] (Dckt. #66 at 6). Pursuant to the binding precedent created by *ISI Int'l*, this admission is sufficient to block plaintiff's effort to use Rule 4(k)(2) to vest this Court with personal jurisdiction over defendant no. 28. *See Roadget*, 2024 WL 4132433, at *4 (finding no personal jurisdiction under Rule 4(k)(2) where defendants named other states "in which the suit could proceed"); *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20 C 4806, 2022 WL 2208827, at *2 (N.D.Ill. June 21, 2022) (finding that Rule 4(k)(2) was not a basis for jurisdiction over a defendant that had identified a state where it had sufficient minimum

_____
[5] Plaintiff's assertion that defendant no. 28 waived any such concession as to jurisdiction in Tennessee by not raising it until its reply brief is misplaced. Plaintiff itself did not raise the applicability of Rule 4(k)(2) until its own response brief, and – more importantly – both parties have since had the opportunity to file supplemental briefs on the issue.

9

contacts); *God, Fam. & Country LLC v. Marcrest Mfg., Inc.*, No. 08 C 3140, 2009 WL 484964, at *3 (C.D.Ill. Feb. 25, 2009) ("[A] defendant who wants to avoid use of Rule 4(k)(2) need only name some state in which it agrees that it is subject to personal jurisdiction . . . By waiving personal jurisdiction in Michigan, [defendant] has done so); *Haemoscope Corp. v. Pentapharm AG*, No. 02 C 4261, 2002 WL 31749195, at *9 (N.D.Ill. Dec. 9, 2002) ("If [defendant] wants to avoid the reach of Rule 4(k)(2), it must identify another jurisdiction where it would be amenable to suit; if it does so, it will be effectively consenting to jurisdiction in that forum.").

In sum: plaintiff has failed to establish that this Court has personal jurisdiction over defendant no. 28. Accordingly, defendants' motion to dismiss is granted and defendant no. 28 is dismissed without prejudice.[6]

### B. Plaintiff has failed to meet its burden to show that joinder of the remaining defendants is proper under Rule 20.

Next, defendants move to sever plaintiff's claims against them for improper joinder under Federal Rule of Civil Procedure 20(a)(2), arguing that plaintiff has failed "to allege even a single fact upon which joinder may be deemed proper." (Dckt. #50 at 13). Plaintiff responds that it has properly joined the defendants in this case after alleging that the defendants have infringed the same copyright and sell their products on the same platform (Temu). Again, the Court disagrees.

---

[6] Plaintiff's belated request (made in its sur-reply) to sever and transfer this action as to defendant no 28. – in lieu of dismissal – is denied. As the Seventh Circuit has explained, "when federal courts find that they lack jurisdiction, they bear an independent obligation under §1631 to consider whether to transfer the case." *North*, 72 F.4th at 228. "This obligation is 'quite limited,' however, and requires consideration of whether transfer of the case is 'in the interest of justice.'" *HS Wholesale*, 2024 WL 774910, at *5, *quoting North*, 72 F.4th at 228. "If a plaintiff may, on its own, refile its case in a proper forum, the interests of justice do not demand transfer." *North*, 72 F.4th at 228. Where, as here, the statute of limitations will not serve to bar plaintiff from re-filing this action in Tennessee, transfer is not required. *HS Wholesale*, 2024 WL 774910, at *5.

Pursuant to Rule 20(a)(2), "a plaintiff may join multiple defendants in a single action if: (1) the claims against them are asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and (2) a 'question of law or fact common to all defendants' exists." *Roadget*, 2024 WL 1858592, at *6, *quoting* Fed. R. Civ. P. 20(a)(2)(A)–(B). "Courts typically find that claims against different defendants arise out of the same transaction or occurrence or series of transactions or occurrences when there is a 'logical relationship' between them." *Tang v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332, at *1 (N.D.Ill. Jan. 4, 2024), *quoting In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012). "Such a relationship requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Tang*, 2024 WL 68332, at *1 (cleaned up). Plaintiff "bears the burden of demonstrating that joinder is proper" under Rule 20(a)(2). *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D.Ill. 2020).

Moreover, district courts have "considerable discretion" and "flexibility" in determining whether joinder is proper under Rule 20. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). When "a court finds that joinder is not consistent with the Federal Rules of Civil Procedure, it may sever parties on its own or direct the plaintiff to remedy the issue." *Art Ask Agency v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-06197, 2021 WL 5493226, at *2 (N.D.Ill. Nov. 23, 2021).

Here, as currently pled, – and as at least two other judges have found in cases involving the same parties and similar claims – plaintiff has failed to show that joinder is proper under

11

Rule 20 as to most of the remaining defendants.[7]  *See Roadget*, 2024 WL 4132433, at *6;

*Roadget*, 2024 WL 2763735, at *4.  First, it is well-settled that plaintiff's allegations that the

defendants have all infringed the same Swag Bear copyright on the same online platform are

insufficient on their own to support joinder.  *Art Ask*, 2021 WL 5493226, at *2 ("Courts in the

Northern District of Illinois have held that plaintiffs cannot satisfy Rule 20's requirements by

merely alleging that multiple defendants have infringed the same [intellectual property]."); *Estee

Lauder*, 334 F.R.D. at 187 (same).

Second, plaintiff's additional assertion in support of joinder in its brief – that *some* of the

defendants (many of which have since been dismissed or have not appeared) used similar images

that *might* be from the same source, (Dckt. #65 at 13 n.4), is alone too speculative to support the

propriety of joinder of the remaining defendants.  *See H-D U.S.A.*, 2021 WL 780486, at *2

(finding joinder improper where plaintiff failed to allege "nonconclusory facts to form a basis for

a conclusion that the defendants' conduct overlaps enough to warrant joinder").

Finally, plaintiff's attempt to liken this case to *Bose Corp. v. Partnerships &

Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511 (N.D.Ill. 2020) –

where joinder of a "swarm of counterfeiters" *was* proper – is misplaced.  Unlike in *Bose,*

> This case does not involve a "swarm" of counterfeiters passing off their products
> as those of a single plaintiff that owns a valuable trademark.  Rather, it involves
> multiple sellers of the exact same type of product allegedly infringing on one
> seller's design patent.  The essence of the dispute here is not infringement *en masse*
> but rather instances of infringement by distinct competitors. . . To construe this set
> of circumstances as a cooperative occurrence like that in *Bose* is inaccurate.

---

[7] Defendants concede that defendants nos. 1 and 2, and defendants nos. 4, 18, 22, and 26 are owned
and/or managed by the same companies, respectively, which *would* support joinder of those storefronts in
two separate actions.  (*See* Dckt. #50 at 13 and #66 at 8 n.2); *Roadget Bus. Pte. Ltd. v. Individuals,
Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A
Hereto*, No. 24 C 115, 2024 WL 2763735, at *4 (N.D.Ill. May 30, 2024) (holding that shared ownership
and management are sufficient connections to be joined together).

*Tang*, 2024 WL 68332, at *3.

Notwithstanding these findings, however, (and recognizing that, at a minimum, defendants are represented by the same counsel in this and other similar actions), the Court within its discretion will allow plaintiff the opportunity to file an amended complaint to plead additional facts in support of joinder to the extent it can do so in accordance with Rule 11. *H-D U.S.A.*, 2021 WL 780486, at *2 ("The Seventh Circuit has recognized the broad discretion that district courts have in remedying misjoinder, so long as the court's decision avoids unnecessary harm to the parties."); *see also Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942, at *10 (N.D.Ill. July 9, 2024) (allowing plaintiff to incorporate additional allegations in support of joinder in an amended complaint). Plaintiff shall file any such amended complaint by October 11, 2024, and the Court will thereafter issue an order indicating whether plaintiff has met its burden to show joinder is proper under Rule 20. If plaintiff has failed to do so – or chooses not to file an amended complaint – the Court will sever plaintiff's claims against the remaining defendants as appropriate. *See Roadget*, 2024 WL 2763735, at *4 (severing improperly joined defendants).[8]

### C. Defendants' motion to dismiss or strike plaintiffs' claim for enhanced statutory damages is denied.

Finally, defendants ask the Court to either dismiss or strike plaintiff's request for enhanced statutory damages pursuant to Rules 12(b)(6) and 12(f), respectively, arguing that plaintiff has failed to plead facts sufficient to show that the copyright "infringement was

---

[8] The Court notes that it need not sever the remaining non-appearing defendants "because they cannot be said to have suffered any prejudice by misjoinder." *Roadget*, 2024 WL 2763735, at *4 n.5 (citing *Pink Floyd (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21 C 04406, 2021 WL 7179622, at *1 (N.D.Ill. Oct. 21, 2021)).

committed willfully." 17 U.S.C. §504(c)(2) (permitting damages up to $150,000 upon a showing of willful infringement).[9] "In the Seventh Circuit, 'a finding of willfulness is justified if the infringer knows that its conduct is an infringement *or* if the infringer has acted in reckless disregard of the copyright owner's right[s].'" *Richardson v. Kharbouch*, No. 19 C 02321, 2023 WL 2711480, at *13 (N.D.Ill. Mar. 30, 2023) (emphasis added), *quoting Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511-12 (7th Cir. 1994). According to defendants, however, plaintiff has done nothing more than plead in a conclusory fashion that defendants "knowingly and willfully" infringed upon the Swag Bear copyright. (Dckt. #5 at 4). Plaintiff responds that it has pled facts sufficient to support its request for enhanced statutory damages at this stage of the litigation. The Court agrees.

### 1.    Dismissal of plaintiff's request for enhanced statutory damages is improper under both Rules 12(b)(6) and 12(f).

The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss a claim pursuant to Rule 12(b)(6) it if fails "to state a claim upon which relief may be granted," and such a motion tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 887 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hess v. Garcia*, 72 F.4th 753, 758 (7th Cir.

---

[9] Defendants initially sought to strike plaintiff's request for "exemplary" (or punitive) damages arguing – correctly – that such damages are not available under the Copyright Act. (Dckt. #50 at 9–10) (citing *Bergt v. McDougal Littell*, 661 F.Supp.2d 916, 926 (N.D.Ill. 2009) ("Punitive damages are not available in copyright infringement suits.")). In response, plaintiff does not dispute that it is precluded from recovering punitive damages under the Act, but further clarified that its request for "exemplary damages should be construed as a prayer for enhanced [statutory] damages for willfulness . . . which is akin to a punitive measure." (Dckt. #65 at 15).

2023) (cleaned up). The Court construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in the [non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). However, the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id*.

Finally, although "[i]t is atypical to deploy a dismissal motion to knock out a form of damages . . . if a statute sets certain requirements for damages, then a Rule 12(b)(6) motion can target a request for a particular form [of] damages if the complaint fails to adequately plead facts necessary to support that form of damages." *Southall v. Force Partners*, LLC, No. 20 C 03223, 2021 WL 3883082, at *3 (N.D.Ill. Aug. 31, 2021) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010)); *but see Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (noting that "the demand [for relief] is not itself a part of the plaintiff's claim . . . and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)" of the entire *suit*) (cleaned up and emphasis added).

As for Rule 12(f), the court "may," but is not required to, strike from a pleading allegations that are "redundant, immaterial, impertinent, or scandalous." The court has "considerable discretion" in deciding whether to strike portions of a complaint. *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Moreover, it is well settled that motions to strike are generally "disfavored" in the Seventh Circuit, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), and "should be reserved for removing delay-inducing clutter from a case." *Brady for Smith v. SSC Westchester Operating Co. LLC*, 533 F.Supp.3d 667, 677 (N.D.Ill. 2021).

Here – at a minimum – plaintiff has alleged sufficient facts to support its request for enhanced statutory damages to survive defendants' attacks under Rules 12(b)(6) and 12(f). Specifically, in addition to alleging that defendants "knowingly and willfully manufacture, offer for sale, and/or sell apparel bearing the copyrighted 'Swag Bear' image in the United States without authorization," (Dckt. #5 at 5), plaintiff further alleges that defendants' "clothing design is more than substantially similar to the copyrighted Swag Bear design; it is *virtually identical* in all relevant respects."[10] (*Id*. at 6) (emphasis added).

These allegations – which are viewed in the light most favorable to plaintiff for purposes of defendants' motion – are sufficient to support plaintiff's request for enhanced damages. *See Roadget*, 2024 WL 4132433, at *4 ("It is reasonable to infer at this stage in the case that a party who deliberately copies a design does not do so by accident, and instead makes and sells the infringing product 'willfully.'"); *Design Basics, LLC v. WK Olson Architects, Inc.,* No. 17 C 7432, 2019 WL 527535, at *5 (N.D.Ill. Feb. 11, 2019) (denying dismissal where plaintiffs did "more than just add the word "willfully" to support an award of increased statutory damages"); *Alexian Bros. Health Providers Ass'n, Inc. v. Humana Health Plan, Inc.*, 608 F.Supp.2d 1018, 1030 (N.D.Ill. 2009) ("As for the issue of scope, the [complaint's] demands for relief – though stated in the most general of terms – suffice to meet the notice pleading standards of Rule 8(a)(3)."); *see also Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705, 711 (9th Cir. 2010)

---

[10] In this regard, the Court distinguishes this case from the cases relied on by defendants where plaintiffs did nothing more than add the term "willful" to their pleading. *See Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F.Supp.3d 461, 468 (S.D.N.Y. 2019), *abrogated by Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144 (2d Cir. 2024) (finding a conclusory and passing reference to defendant's willful infringement was "insufficient factual support for the allegation that Buzzfeed's infringement was willful."); *Elatab v. Hesperios, Inc.*, No. 19 C 9678 (ALC), 2021 WL 2226877, at *5 (S.D.N.Y. June 2, 2021) (same result where "[p]laintiff's complaint is wholly devoid of allegations to support its willfulness claim").

(noting that the "exactitude" of the infringing copyrights, among other evidence, supported the jury's finding of willful infringement).

Moreover, defendants have not argued that plaintiff's request for enhanced statutory damages is otherwise "redundant, immaterial, impertinent, or scandalous" to warrant striking it under Rule 12(f). Indeed, "[s]tatements or allegations should not be stricken from a pleading 'unless it is clear that it can have no possible bearing on the subject matter of the litigation.'" *McClaine v. DX Enterprises, Inc.*, No. 23 C 1168, 2024 WL 3860971, at *5 (S.D.Ill. Aug. 19, 2024) *Capitol Indem. Corp. v. Tranel Devs., Inc.*, 144 F.R.D. 346, 347 (N.D.Ill. 1992). Such is not the case here where the circumstances surrounding defendants' purported infringement – including whether it was willful – are at the heart of the case.[11]

For these reasons, defendants' motion to dismiss/strike plaintiff's prayer for enhanced statutory damages is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' motion to dismiss, (Dckt. #49), is granted in part and denied in part as follows:

(1)     The motion to dismiss is granted with respect to defendant no. 28, which is dismissed without prejudice for lack of personal jurisdiction.

(2)     The motion to dismiss is granted in part to the extent that the Court finds that plaintiff has failed to meet its burden to show that joinder is proper under Rule 20. However, plaintiff is granted leave to file an amended complaint by October 11, 2024 to plead additional facts in support of joinder; and

---

[11] Of course, a decision as to whether plaintiff can ultimately *prove* that defendants engaged in willful infringement warranting enhanced statutory damages will be for the trier of fact on a complete record. *See Richardson*, 2023 WL 2711480, at *14 ("Willfulness is an issue of fact implicating the defendant's state of mind."); *Roadget*, 2024 WL 3338942, at *6 ("The Court concludes that this is not the right time to consider whether Roadget may be entitled to the remedies Defendants ask the Court to dismiss . . . The better approach, in the Court's view, is to address Roadget's potential entitlement to the challenged remedies on an evidentiary record, not allegations.").

(3) The motion to dismiss or strike plaintiff's request for enhanced statutory damages is denied.

**Date: September 27, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**