**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROADGET BUSINESS PTE. LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 23 CV 16262 |
| | ) | |
| **THE INDIVIDUALS,** | ) | Judge Jeffrey I. Cummings |
| **CORPORATIONS, LIMITED** | ) | |
| **LIABILITY COMPANIES,** | ) | |
| **PARTNERSHIPS, AND** | ) | |
| **UNINCORPORATED** | ) | |
| **ASSOCIATIONS IDENTIFIED ON** | ) | |
| **SCHEDULE A HERETO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

In light of the Court's Memorandum Opinion and Order on defendants' motion to dismiss, the Court further orders as follows:

(1) Plaintiff's motion for preliminary injunction, (Dckt. #21), is denied without prejudice with respect to defendants nos. 1, 2, 4, 6, 7, 11, 18, 20, 22, 26, 29) and defendant no. 19 (which is represented by the same counsel and has filed an answer to the complaint). Plaintiff's counsel and defense counsel shall meet and confer to determine whether they can agree that the TRO – previously converted to a preliminary injunction by way of the Court's January 2, 2024 order, (Dckt. #25) – will remain in effect until the resolution of this case as to these defendants;

(2) Plaintiff's motion for preliminary injunction is granted solely with respect to the remaining non-appearing defendants nos. 15, 16, 21, 27, 30, 31, 32, 33. Plaintiff's filings establish that it has acted expeditiously to protect its interests and that there remains a significant risk defendants will transfer relevant assets beyond the Court's reach. For these reasons, as well as the reasons provided in the whole of plaintiff's filings and as stated by the Court in connection with entry of the TRO, the Court is persuaded that plaintiff has satisfied the requirements for a preliminary injunction. In addition, the Court finds that the balance of harms favors plaintiff and that a preliminary injunction serves the public interest by, among other things, protecting consumers from the marketing of counterfeit goods. Plaintiff has also certified and established that it provided electronic notice to defendants of the pendency of this action and the motion, but no

      objection to the motion for a preliminary injunction has been filed on behalf of any defendant. Plaintiff's counsel shall submit an updated preliminary injunction order regarding those defendants to the Court's proposed order inbox (Proposed_Order_Cummings@ilnd.uscourts.gov) by October 2, 2024;

(3)    Defendants' motion for referral to the register of copyrights under 17 U.S.C. §411(b)(2), (Dckt. #62), and defendants' motion for leave to file supplemental information in support of that motion, (Dckt. #96), are entered and continued; and

(4)    By October 18, 2024, the parties shall file a joint status setting forth: (a) whether they have reached an agreement regarding the preliminary injunction order; (b) the status of any ongoing settlement negotiations; (c) whether plaintiff intends to seek an order of default and default judgment as to the remaining non-appearing defendants; and (d) whether defendants continue to seek referral to the copyright office, notwithstanding the dismissal of at least some of the defendants that initially sought such relief.

**Date: September 27, 2024**

 

_____
**Jeffrey I. Cummings**
**United States District Court Judge**