IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., | |
| Plaintiff, | Case No.: 1:23-cv-16262 |
| vs. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | **Judge Jeffrey I. Cummings** |
| Defendants. | |

## **DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Roadget Business Pte. Ltd. ("Roadget") against the Defendants identified on Schedule A, and using the Defendant Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Roadget having moved for entry of Default and Default Judgment against Defendants No. 30, 31, 32, and 33, as identified on Schedule A attached hereto (collectively, "Defaulting Defendants");

Roadget having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars, payment processors, or third-party marketplace platforms being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections;

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Roadget has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating ecommerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Roadget's federally registered copyright (the "Roadget Copyright") to residents of Illinois. In this case, Roadget has presented a sworn declaration that each Defendant e-commerce store was, prior to filing the lawsuit, reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Roadget Copyright. *See* Declaration of Taylor J. Wilson; Declaration of Steven J. Horowitz, Dkt. 10-2, declaring that each Defendant e-commerce store did stand ready, willing and able to ship its infringing goods to customers in Illinois bearing infringing versions of the Roadget Copyright.

The Roadget Copyright is included in the below chart.

| **Registration Number** | **Title of Work** |
|---|---|
| Basic Registration No. VA 2-306-339, Supplementary Registration No. VA 2-351-450, Supplementary Registration No. VA 2-389-614 | Swag bear |

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement pursuant to 17 U.S.C. §§ 106 and 501.

Accordingly, this Court orders that Roadget's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Roadget Copyright or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Roadget product or not authorized by Roadget to be sold in connection with the Roadget Copyright;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Roadget product or any other product produced by Roadget, that is not Roadget's or not produced under the authorization, control, or supervision of Roadget and approved by Roadget for sale under the Roadget Copyright;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Roadget, or are sponsored by, approved by, or otherwise connected with Roadget; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing

of, in any manner, products or inventory not manufactured by or for Roadget, nor authorized by Roadget to be sold or offered for sale, and which bear any of Roadget's Copyright, including the Roadget Copyright, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as AliExpress, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Temu (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the Roadget Copyright; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Roadget Copyright or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Roadget product or not authorized by Roadget to be sold in connection with the Roadget Copyright.

3. Upon Roadget's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or

associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Roadget Copyright.

4. Pursuant to 17 U.S.C. § 504(c)(2), Roadget is awarded statutory damages from each of the Defaulting Defendants in the amount of $30,00 for willful infringement of the Roadget Copyright on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 6 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 6 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers, are hereby released to Roadget as partial payment of the above identified damages, and Third Party Providers are ordered to release to Roadget the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Roadget has recovered full payment of monies owed to it by any Defaulting Defendant, Roadget shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Roadget identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Roadget may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

9. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the temporary restraining order no longer applies to any Defendant.

DATE: October 29, 2024

_____
Judge Jeffrey I. Cummings
United States District Judge