**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> vs. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No.: 1:23-cv-16262 <br><br><br> **Judge Jeffrey I. Cummings** <br><br><br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT[1]**

Plaintiff Roadget Business Pte. Ltd. ("Roadget"), for its complaint and prayer for injunctive relief against the parties identified on **Schedule A** attached hereto ("Defendants"), states as follows:

**INTRODUCTION**

1.      Plaintiff Roadget owns the enormously popular SHEIN online fashion and lifestyle retailer. (*See* http://us.shein.com/.)  SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Defendants are online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling clothing bearing SHEIN's original copyrighted designs. These

---

[1] A redline comparing the First Amended Complaint to the original Complaint is attached as Exhibit B.

sellers appear to operate in anonymity by providing no personal information. They may be using more than one alias at a time to conceal their identities and the full scope of their operation.

2.      Roadget is forced to file this action to combat Defendants' infringement of its copyrighted design and to protect unknowing consumers from purchasing unauthorized products over the Internet. Roadget has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

## THE PARTIES

3.      Plaintiff Roadget Business Pte. Ltd. is a private limited company with its principal place of business in Singapore. Roadget owns the famous SHEIN trademark and online fashion and lifestyle retailer.

4.      Defendants are business entities who, upon information and belief, reside mainly in foreign jurisdictions. Defendants operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendants conduct business in the United States and, on information and belief, have sold and continue to sell products to United States consumers, including in Illinois and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

6.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants target business activities toward consumers in the United States, including Illinois. Defendants sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. On

2

information and belief, Defendants have sold and continue to sell apparel bearing unauthorized

copies of the copyrighted Swag Bear design to residents of Illinois. Defendants have wrongfully

injured Roadget in the state of Illinois.

7.          Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

1400(a). In this copyright action, venue is proper in any district in which Defendants reside or

may be found, which includes any district in which they would be subject to personal

jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defendants are not

residents in the United States, which means that they may be sued in any judicial district

pursuant to 28 U.S.C. § 1391(c)(3).

## BACKGROUND

**Plaintiff's Design**

8.          Roadget is a private limited company registered in Singapore. Its SHEIN

trademarks are used to sell a wide variety of products worldwide. In the United States, Roadget's

affiliate and licensee, Shein Distribution Corporation ("SDC"), sells apparel, beauty products,

home goods, pet supplies, and a variety of other products through Roadget's mobile application

and its website, https://us.shein.com.

9.          The SHEIN brand has skyrocketed in popularity over the last several years,

becoming one of the most visited fashion sites in the world and talked-about brands on TikTok

and other social media.

10.          SHEIN was an early adopter of social media marketing. The SHEIN app became

the most downloaded shopping app on Apple's App Store in 2021. The following year, it

attained the top spot as the most downloaded application in *any category*, outperforming both

TikTok and Instagram. In addition to its total of over 60 million followers on social media, it

3

became the most talked-about brand on TikTok in 2022. Social media influencers' "SHEIN

haul" videos displaying their purchases regularly go viral.

11.     Through the SHEIN brand, Roadget has invested significant resources in building

goodwill and brand recognition by simple word of mouth on social media. It has made a name

among regular shoppers. And it has registered various copyrights to protect its original designs.

12.     For example, last year, SHEIN designer Soby Ou designed an image of a bear in a

distinctive dancing pose wearing a T-shirt and jeans, called "Swag Bear."



*"Swag Bear" Copyrighted Design*

13.     The work was registered with the U.S. Copyright Office, with an effective date of

June 13, 2023, under Registration No. VA 2-306-339 and Supplementary Registration Nos. VA

2-351-450 and VA 2-389-614. The "Swag Bear" copyright registration certificates are attached

as Exhibit A. As reflected on those certificates, Roadget is the copyright owner, and its copyright

is valid and enforceable. Roadget received all rights to the Roadget Copyrights from its

subsidiary Guangzhou Shein International Ltd. through a single Deed of Assignment on July 13,

2023.

14.     The "Swag Bear" image is included in product listings on the SHEIN website and/or app. An exemplary screenshot of one such listing is provided below.[2]



**Defendants' Unlawful Conduct**

15.     Defendants are online sellers on e-commerce platforms, including Ali Express and Temu. Defendants have deliberately and unlawfully copied, displayed, and sold various apparel bearing images virtually identical to Roadget's copyrighted "Swag Bear." The success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of its copyrighted designs. Defendants are among such sellers.

16.     Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel bearing the copyrighted "Swag Bear" image in the United States without authorization. Defendants' conduct use infringes Roadget's copyright and irreparably harms Roadget.

---

[2] https://us.shein.com/ManfinityLEGNDMenBearPrintRoundNeckTee-p-9468417-cat-1980.html?share_from=null&ref=www&rep=dir&ret=us

5

17.     Defendants are a small subset of a broad campaign of widespread infringement by Temu sellers targeting Roadget's SHEIN brand. The infringement of Roadget's copyrights on Temu's website is widespread: to date, Roadget has identified *over two hundred* infringing product listings by Temu sellers. Sellers on Temu compete directly with SHEIN, with consumers choosing between them as alternatives. Defendants take advantage of that fact to divert consumers away from SHEIN using copycat product listings. The more infringers there are, the more difficult it is for Roadget to do anything to stop them, so that each new seller benefits from the conduct of the group as a whole.

18.     On information and belief, Defendants' conduct is coordinated in ways usually not seen in Schedule A litigation. Temu exercises considerable control over the sellers on its platform, dictating aspects of their product listings, including the prices and item descriptions.

19.     On information and belief, Temu's role in controlling its sellers could extend to coordinating their defense. Defendants are represented by the same counsel that has appeared for the defendants in six other Roadget-filed Schedule A copyright infringement cases. In each case, the defendants have filed joint briefs, often attaching nearly identically-worded seller declarations. Although some of these lawsuits included non-Temu defendants, no firm has yet entered an appearance for a non-Temu defendant. The same counsel has also appeared in multiple cases as an *amicus curiae* to oppose Roadget's motions for temporary restraining orders, even before the defendants' names were unsealed.

## COUNT I
### Copyright Infringement (17 U.S.C. §§ 106 and 501) Against Schedule A Defendants

20.     Roadget incorporates each of the preceding paragraphs as if fully set forth herein.

21.     The Swag Bear is an original work and is copyrightable subject matter under 17 U.S.C. § 101 *et seq.*

22.     Roadget's copyright registration for the Swag Bear is valid and in full force and effect. At all relevant times, Roadget has owned and still owns all exclusive rights in the Swag Bear copyright, including the right to reproduce, to prepare derivative works, and to distribute copies.

23.     Roadget has never assigned or licensed the rights to Swag Bear to any party unaffiliated with Roadget itself. In particular, Roadget has never granted any license or rights in Swag Bear to Defendants.

24.     Defendants have deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Swag Bear in violation of Roadget's copyright.

25.     On information and belief, Defendants had access to the Swag Bear design via the Internet, where the design appears on SHEIN-branded clothing that SDC (a Roadget-affiliated company) sells online.

26.     Defendants' clothing design is more than substantially similar to the copyrighted Swag Bear design; it is virtually identical in all relevant respects. An example of the copyrighted design presented side-by-side with one of the infringing products of a Defendant listed in Schedule A is provided below:




*Original Design*                      *Product Bearing Copied Design*

27.       Defendants' actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501(a).

28.       Defendants reap the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing bearing the copied design.

29.       Pursuant to 17 U.S.C. § 504, Roadget is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement.

30.       Defendants have caused, and if not enjoined will continue to cause, Roadget irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Roadget prays for the following relief:

1.       Judgment in favor of Roadget.

8

2.      Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

      a.      reproducing, distributing copies of, making derivative works of, or publicly displaying the Swag Bear in any manner without Roadget's express authorization;

      b.      manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Roadget which bear the Swag Bear copyrighted design.

3.      Entry of an Order that, upon Roadget's request, those with notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Swag Bear copyrighted design.

4.      Compensatory and exemplary damages, as well as disgorgement of Defendants' profits.

5.      Alternatively, Roadget prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

6.       Pre-and post-judgment interest and attorney's fees and costs.

7.      All other and further relief as is just, equitable, and proper.

November 8, 2024                                    Respectfully submitted,


                                                    By:   */s/ Steven J. Horowitz*
                                                          Steven J. Horowitz
                                                          Deepa A. Chari
                                                          **SIDLEY AUSTIN LLP**
                                                          One South Dearborn Street
                                                          Chicago, IL 60603
                                                          (312) 853-7000
                                                          shorowitz@sidley.com
                                                          dchari@sidley.com

                                                          *Counsel for Plaintiff*
                                                          *Roadget Business Pte. Ltd*


10